JOHN B. DOW *vs.* NORTHERN LAND & LOAN CO. OF DAVENPORT, IOWA, *et al.*

Submitted on briefs Oct. 24, 1892. Decided Nov. 18, 1892.

**Review on Appeal—Insufficient Record.**

> An appellate court will not review and reverse an order or decision of the court below upon only a partial presentation or disclosure of the case upon which such order or decision was made.

Appeal by plaintiff, John B. Dow, from an order of the District Court of St. Louis County, *Ensign, J.,* made March 22, 1892, denying his motion to set aside and vacate the judgment theretofore entered against him in this action.

This action was brought against the defendants, The Northern Land Company of Davenport, Iowa, Amos L. Warner, Everett Tottman, John D. Stryker and Siston B. Manley, to quiet title to the northwest quarter of section one, (1,) Township forty-nine, (49,) Range fifteen (15) west, in St. Louis County, the same land involved in *Quinn* v. *Champagne,* 38 Minn. 322. The defendant Land Company obtained title through Quinn. The plaintiff claims that before the memorandum for the sale of the land to Quinn was made by the owner, Peter B. Champagne, the latter had contracted to convey it to him, plaintiff, and that defendants were chargeable with knowledge of plaintiff's equities. The issues were as to whether plaintiff

had such a contract, and if so, whether defendants had actual or constructive notice thereof.

The case was tried May 7, 1890. It was decided against the plaintiff, and judgment was entered. On January 7, 1892, plaintiff made a motion to set aside and vacate the judgment so entered. The motion was made on the pleadings, papers and records of the court in this action, and upon the papers, files and records of the court in the case of John Quinn against Peter B. Champagne, and upon affidavits. The motion was denied, and plaintiff appeals.

*Bion A. Dodge,* and *John F. Kelley,* for appellant.

*Wm. W. Billson,* for respondent.

DICKINSON, J. After a trial of this action judgment was rendered against the plaintiff. He afterwards moved in the district court, where the judgment was rendered, for an order vacating the same. This was refused, and from the order refusing to grant the motion this appeal was taken.

Being thus called upon to review the decision of the court in this matter we encounter an obstacle in the fact that we are not fully informed by the return to this court as to the nature of the case upon which the order appealed from was based. The notice of the motion stated that the same would be made "on the pleadings, papers, and records of the court" in this action as well as in another specified action in the same court, and upon affidavits, copies of which were annexed to the notice. The return on this appeal contains none of the papers and records referred to, excepting copies of the affidavits, and there is nothing to show that the motion was heard and decided upon such affidavits alone. There is no certificate or statement of the court indicating upon what proofs, records, or papers the motion was presented and decided. It may well be presumed, in support of the ruling of the court, that the records of the cause were brought to the attention of the court as a part of the case upon which the motion was decided. What there may have been, if anything, in such record of the case, which may have influenced the decision on the motion, does not appear. In the affidavit returned, which seems to have been made in opposition to the mo-

tion, and in the respondents' brief, reference is made to a settled case in the action. If there was such a settled case, constituting a part of the record in the cause, and showing the proceedings had, and the evidence given at the trial, it may have had an important bearing upon the decision of the motion, if it was presented for the consideration of the court. Whether there was such a record we are not informed. None is included in the return on this appeal. We are aware that on a former appeal to this court from the judgment in this action (and which was affirmed for noncompliance with the rules of the court) a return was made to this court, embracing what seems to have been prepared as a case containing a statement of the proceedings at the trial, and the evidence given; but that does not appear to have been settled or certified by the court, so as to have been made matter of record in the court; nor does it purport to set forth all of such proceedings and evidence. But it is useless to speculate as to what may have been presented to and considered by the court in deciding the motion. It does not appear that all which was before the court on the hearing of the motion is before us for review, and not only is the return deficient in not showing that it is complete, but the terms of the notice of motion afford affirmative reason for supposing that matters of record not returned were before the district court on the hearing of the motion. There is the same defect here as in the case of *Hospes* v. *Northwestern Mfg. & Car Co.*, 41 Minn. 256, (43 N. W. Rep. 180.) We should not review and reverse the decision of another court upon only a partial presentation or disclosure of the case or facts upon which such decision may have been made.

While, for the reason above stated, it is unnecessary to say more, we will add that, if the matter were to be decided merely upon the affidavits before us, it seems to us that the order should be affirmed. Conceding that the plaintiff's attorney may have been in fault for not having taken steps to secure the attendance of witnesses before the day set for the trial, and before the plaintiff went to Duluth to attend the trial, still the plaintiff may well be deemed to have voluntarily taken the risk of going to trial in the absence of such witnesses. When the plaintiff came to Duluth on the morning of the

day set for trial, he seems to have known as well as his attorney the issues between the parties, and to have been in a position to judge as well as his attorney as to whether it was safe to go to trial without other witnesses than himself and Champagne. He knew who the persons were whose testimony would have supported his case, and knew where they were to be found; many of them residing in or near the city of Duluth, where the cause was tried. Yet he does not appear to have sought to have the trial postponed in order that he might procure such other witnesses. Nor, indeed, is it apparent that after the plaintiff knew the hour set for the trial there was not time to enable him to procure the attendance of many, if not the most, of these persons. He seems to have practically acquiesced in the view entertained by his attorney that the testimony of himself and Champagne would be sufficient, probably not anticipating the amount of evidence which the defendants might present in opposition. If he voluntarily took the risk of going to trial without the necessary witnesses, whose testimony he knew to be material to the issues, he is not entitled to have the judgment set aside in order that he may on another trial strengthen his case by their testimony. If he was unwilling to take the risk of going to trial without the witnesses, and could not procure them, he should have made the fact known to the court, personally or by attorney, so that, in its discretion, the court might have allowed opportunity to procure their attendance. Upon the case presented in the affidavits it might well be inferred that the plaintiff voluntarily went to trial assuming the risk of defeat. If such was the fact, he would not be entitled to the relief sought by this motion.

Order affirmed.

(Opinion published 53 N. W. Rep. 649.)