GEORGE TWADDLE v. LUTHER MENDENHALL.[1]

June 13, 1900.

Nos. 12,006—(132).

**Misconduct of Juror—Waiver.**

Assuming, for the purposes of this appeal, that when making a motion to set aside a verdict in defendant's favor and for a new trial on the ground of misconduct of two jurors, as shown by their own affidavits, the motion was irregular and defective without a settled case or bill of exceptions, it is *held* that defendant's counsel waived the irregularity or defect by appearing at the hearing of the motion, presenting counter affidavits, and by arguing and submitting the matter without suggesting any omission or defect.

**Same—Inspection of Locality.**

*Held*, that from the affidavits it appears that these two jurors visited the locus in quo during the trial, that they might be the better enabled to determine the credibility of the witnesses, as well as disputed facts therein, and, further, that from these affidavits it is not clear that their misconduct could not and did not affect and influence their verdict.

Action in the district court for St. Louis county by plaintiff, as administrator of the estate of Arthur Twaddle, deceased, against defendant, as receiver of the Duluth Street Railway Company, insolvent, to recover $5,000 damages on account of the death of decedent. The case was tried before Moer, J., and a jury, which rendered a verdict in favor of defendant. From an order granting a motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 83 N. W. 135.

*Greene & Wood,* for appellant.

*Baldwin & Baldwin,* for respondent.

COLLINS, J.

Plaintiff's intestate, a fireman, was killed in a collision between a hook and ladder truck and a street car; the facts thereof being detailed in Warren v. Mendenhall, 77 Minn. 145, 79 N. W. 661, and this action was brought to recover damages on account of his death. There was a verdict for defendant, whereupon plaintiff's counsel moved for a new trial upon two grounds—First, misconduct of the jury; and, second, irregularity in the proceedings, by which plaintiff was prevented from having a fair trial. The motion was made upon certain affidavits, and "upon all the files, records, and proceedings in said action." It was granted, concededly, upon the ground of the misconduct of two of the jurors, who made special visits to the locus in quo during the trial without permission of the court or knowledge of either party. The affidavits of these two jurors were of the moving papers, and at the hearing were opposed by other affidavits made by themselves and others.

1. There was no settled case or bill of exceptions, and counsel for defendant (appellant) make the point on appeal that without a case or bill the court below could not determine whether or not these visits of the jurors to the scene of the accident could or did affect or influence their verdict. We need not pass upon this point.

For the purposes of this case, we shall assume that counsel are right, and that the court below ought not to have proceeded to a determination of the motion upon the affidavits alone. But counsel for defendant did not call attention to the defect in the moving papers, nor did they suggest that on the record the motion could not be heard. They made no objection, so far as appears from the return, but argued and submitted the motion upon the moving affidavits, and several in opposition presented by themselves. It was their duty promptly to point out the defect or irregularity in an attempt to set aside the verdict without first securing a case to be settled or a bill of exceptions. It would be unjust to permit counsel to appear at the hearing of the motion made upon affidavits, resist it with affidavits, make no suggestion of an irregular practice, and, when the decision is adverse, to raise the question.

Counsel had the right to waive the alleged irregularity or defect if they saw fit, and they could do so effectually by failing to object and to insist upon having a settled case or a bill of exceptions as a part of the moving papers. It was incumbent upon them to make their objection at the earliest opportunity, if they wished to take advantage of the omission. Having failed so to do, they waived the point. Larson v. Ross, 56 Minn. 74, 57 N. W. 323. See also Carroll v. More, 30 Wis. 574; Warren v. Glynn, 37 N. H. 340.

2. This leaves open to review a very simple question,—to be determined, as it was below, upon the affidavits there considered; not forgetting that courts should be slow in adopting any rule which will encourage or promote the invalidating or setting aside of verdicts for the reason or on the ground here given. It is settled that misconduct of this nature can be shown by the affidavits of jurors themselves,—an exception to the general rule in respect to jurors' affidavits. It is also settled in this court that where the gist of the action, as was the case here, is the character or condition of the locus in quo, or where a view of it will enable the jurors the better to determine the credibility of the witnesses, or any other disputed fact in the case, if in such a case the jurors, without the permission of the court or knowledge of the parties, visit the locality for the express purpose of acquiring such information, their verdict will be set aside, unless it is clear that their misconduct could not and did not influence their verdict. Rush v. St. Paul City Ry. Co., 70 Minn. 5, 72 N. W. 733.

The affidavits of the two jurors who inspected the locality at which the accident occurred are quite long, and are four in number; each juror having made one affidavit used in support of the motion, and one presented in opposition thereto. That these persons went to the place that they might, by such visits and personal inspection, be the better enabled to determine the credibility of some of the witnesses, and to determine several of the material and disputed facts in the case, seems to have been well established; and this fact cannot be eliminated from consideration here by the suggestion that a map of the locality had already been introduced in evidence, which covered all measurements, angles and intersections of streets, car tracks, location of switches, and other matters. As was

said in Koehler v. Cleary, 23 Minn. 325, an actual visit to the premises might have an entirely different effect from that of a diagram or map. The court below was of the opinion that the presumption which arose from the fact of the inspection and examination of the premises—the misconduct of the jurors in this respect—had not been rebutted and removed. We think the court was right. We call attention to the fact that in the case of Rush v. St. Paul City Ry. Co., supra, the trial court refused to grant a motion to set aside a verdict where the misconduct of the jurors was of the same character as that now before us, and its order was reversed. See also on this general subject, Aldrich v. Wetmore, 52 Minn. 164, 53 N. W. 1072; Woodbury v. City of Anoka, 52 Minn. 329, 54 N. W. 187.

Order affirmed.