CHARLES LYONS v. JOHN DEE and Another.[1]

February 6, 1903.

Nos. 13,281—(245).

**Hotel Elevator—Personal Injury.**

> Where the managers of a hotel maintain and operate an elevator therein, a permission to use such elevator by guests for their own convenience, if injury arises to a third party thereby, may justify an action against the proprietors at the suit of the person injured.

**Assumption of Risk—Contributory Negligence.**

> Where the person in charge of such elevator is injured in falling down the shaft by reason of its removal, *held,* in an action therefor, that the evidence reasonably sustains the following conclusions: (a) That the plaintiff had no notice of a custom approved by the proprietors authorizing the guests to operate the elevator for their own convenience; (b) that the attendant who was injured did not, under the facts, assume the risks of such custom; (c) that the party injured was not, as a matter of law, guilty of contributory negligence.

[1] Reported in 93 N. W. 899.

## Effect of Intoxication.

An intoxicated person receiving injuries by reason of the negligence of another is not, for that reason, as a matter of law, precluded from recovery, but his mental condition, so far as it affects the exercise of care on his part, is a question of fact to be considered by the jury.

## Inspection by Juryman.

*Held*, upon the proofs, showing that where one of the jurymen selected to try an issue of negligence made a casual inspection of the premises, that fact did not, as a matter of law, require the trial court to set aside the verdict and grant a new trial.

Action in the district court for Hennepin county to recover $15,000 for personal injuries. The case was tried before Pond, J., and a jury, which rendered a verdict in favor of plaintiff for $2,250. From an order denying a motion for a new trial, defendants appealed. Affirmed.

*Trafford N. Jayne*, for appellants.

*Hall & Kolliner*, for respondent.

LOVELY, J.

Plaintiff brings this action, through his guardian ad litem, to recover damages for the alleged negligence of defendants in authorizing a dangerous custom in the maintenance of an elevator at their hotel in Minneapolis, whereby plaintiff fell into an open shaft, and suffered severe injuries, for which he had a verdict. Motion for new trial was denied. From this order defendants appeal.

Upon a review of the evidence upon which the contention of defendants arises we are required to adopt the following facts in support of the verdict: In January, 1901, plaintiff, a young man of about eighteen years of age, came to Minneapolis to secure work. and was a guest at the Hotel Northern, operated on the European plan. He took an apartment. During the daytime, until March 25, he was rarely in the hotel. When he was there he was usually in his room. There were fifty rooms in the hotel, four stories and a basement. There was a passenger elevator used for the convenience of the inmates to transfer guests from one floor to the other, which had to be operated by an attendant. On March 24 or 25, plaintiff, who had had no experience in running an elevator,

was employed by the defendants to take charge of and operate this instrumentality, but received no instructions concerning the proper method of doing this work. Besides running the elevator, it was made a part of his duties to wait upon guests in the building, and to do so he frequently went upon errands for the defendants, as well as inmates of the house. This was a practice authorized by the proprietors. There was in fact no other messenger for that purpose, and plaintiff had to leave his post of duty to go upon such errands at least three or four times a day. Previous to the employment of plaintiff there had existed in the hotel a habit, indulged in from time to time with the knowledge and approval of defendants, that, whenever one of the guests happened to find the elevator boy absent, such inmate would operate it for his or her convenience. This custom was unknown to the plaintiff at the time he was employed, and he received no information thereof from his employers.

After the plaintiff had been operating the elevator between three and four days, he was sent by one of the inmates on an errand to obtain eatables and a pail of beer. The plaintiff took his commission, stepped off the car at the ground floor, closed and fastened the elevator door, and went upon his errand, leaving a small kerosene lamp lighted in a bracket in the elevator. He was absent five minutes, when he returned, carrying several bundles in his arms, and a pail of beer in one hand. He passed through the hall, which was thirteen feet in length and five feet wide, very hurriedly. He approached the elevator door, which was closed, and fastened as he left it. This door was constructed of wood and frosted glass, and somewhat opaque. There was a gas jet burning in the hall, which would have been dark without it. Plaintiff supposed that the elevator was at the place where he left it when he went away, though in the meantime it had been moved by one of the guests to an upper floor, of which he had no notice. To open it he turned his side to the door, pushed it backward, and stepped forward to go into the car, when he fell down the shaft, some distance below, suffering the injuries complained of, and now claims that the custom of allowing guests to move the elevator for their own convenience constituted actionable negligence.

The short facts above stated are disputed, and much time was spent in the brief of counsel and on the argument in attempting to discredit the statements of the plaintiff that he had no previous knowledge of the custom referred to. That he was intoxicated at the time he fell, and that his failure to make investigation of the condition of the elevator before opening the door, convicted him, as a matter of law, of contributory negligence. With reference to the story of the plaintiff, and such evidence as supported it, it is sufficient to say that his narrative is not so improbable or inconsistent with the physical facts concerning the accident that we are authorized to interfere with the right of the jury to pass upon the weight of evidence, but must accept the facts above stated as having been disposed of by the verdict in his favor.

It was insisted for the defendants that plaintiff had assumed the risks which arose from the custom of moving the elevator by guests in the absence of the person in charge. Had this custom been known to plaintiff, or, if there were evidence conclusively showing that he was apprised that the elevator had been moved, we should, as a matter of law, say that plaintiff had assumed such risk; but this, under the evidence, was an issuable question of fact. We have no doubt that such a custom was a dangerous one, hence that the submission of the defendants' negligence in permitting it to exist and continue, as well as the plaintiff's want of knowledge thereof, was properly submitted to establish defendants' liability in that respect.

The most serious question in the case arises upon the claim that plaintiff failed to exercise the proper degree of care required of him in opening the elevator door and going forward without exercising greater caution than he displayed to discover whether the elevator was at the place he left it when he went upon his errand; and this is rendered more difficult by the fact that there was a lighted kerosene lamp in the elevator at the time when he left, the absence of which, it is claimed for defendants, should have warned him that the car he had been running was not in its place. The failure to observe the light, had he known or thought of its absence, would have been a warning; but such absence is excused by the fact that he was in a hurry, and that everything appeared

to him as he had left it, and there was evidence to show that occasionally this light was removed by the guests; and, so finding everything as it was, he may have incurred the danger arising through a dangerous custom of which he had no knowledge. Upon this issue the court submitted the question of contributory negligence in a fair and impartial charge, and we cannot say as a matter of law that under the circumstances the plaintiff should have made an investigation, rather than to rely upon what might have been a reasonable supposition that the elevator was where he left it; and, while this question is close, we are satisfied, taking into account the inexperience of the plaintiff in operating the elevator, the effect of the strong light of the gas in the hall, the dim light in the car, the supposed necessity of his haste in executing his errand and returning to run the elevator, with the further fact that his arms were filled with packages, that the action of the trial court was not erroneous, and must allow this issue to rest upon the verdict.

It was also urged that the court committed error in instructing the jury substantially that, even though the plaintiff was intoxicated at the time of the accident, he could not, as a matter of law, be charged with negligence. The question of the alleged negligence of an injured party does not absolutely depend upon his mental or physical condition as to sobriety. His condition in this regard is without doubt an incident for the jury, but does not of itself preclude his recovery for injuries from others. Hence the refusal of the court to hold as a matter of law that, if the jury found that plaintiff was intoxicated, he must be held responsible for the cause of his injury, was correct.

During the trial of the cause one of the jurymen, passing the hotel, stepped into the hallway. He did not examine or investigate the elevator itself. His inspection of the place was casual, occupied but two or three minutes, when he passed out. These facts were disclosed to the court, but, in the exercise of its discretion, it refused to set aside the verdict for that reason. This casual inspection could have had very little to do with the condition of the elevator, or with the issues upon which the cause was submitted. Under these circumstances we are not required to

hold that there was an abuse of the discretion of the trial court in refusing a new trial on that ground. As said by START, C. J., in a recent case: It is "not every unauthorized view of the locus in quo will require the setting aside of a verdict. Considerations of practical justice forbid it. It would be an injustice to deprive an innocent party of his verdict simply because there was a casual inspection of the premises by some of the jurors, or because they were familiar with them. If verdicts were set aside for such reasons, there would be no reasonable limits to litigation, especially in cities where the opportunities are great for jurors personally to view the locality of an accident under consideration." Rush v. St. Paul City Ry. Co., 70 Minn. 5, 8, 72 N. W. 734.

Other errors assigned have been considered, and are not deemed of sufficient importance to require specific notice.

Order affirmed.