## 'ADA MAcKINNON v. CITY OF MINNEAPOLIS.[1]

April 19, 1912.

Nos. 17,500—(88).

**New trial — misconduct of jurors.**
 An order denying a new trial for alleged misconduct of certain members of the jury in visiting the place of the accident, the subject-matter of the action, *held* not an abuse of discretion.

[1] Reported in 135 N. W. 814.

**Same.**

The record affirmatively shows that the alleged misconduct of the jurors was without prejudice to either party.

Action in the district court for Hennepin county to recover $25,000 for personal injuries. The case was tried before Holt, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*Mead & Bryngelson,* for appellant.
*Daniel Fish* and *John A. Dahl,* for respondent.

BROWN, J.

Action for personal injuries alleged to have been received by plaintiff from a defective sidewalk, in which defendant had a verdict, and plaintiff appealed from an order denying a new trial. Plaintiff moved for a new trial on the ground, among others, of misconduct of certain members of the jury, and whether the court erred in not granting the motion upon that ground is the only question presented on this appeal.

Plaintiff predicated her action upon the alleged negligence of defendant in permitting the sidewalk at the place of the accident to become out of repair; in consequence, she was injured. Subsequent to the injury the sidewalk was put in order and all evidence of any defect therein removed. During the trial of the action two of the jurors, without the knowledge or acquiescence of either party, visited the place of the accident for the purpose of discovering, if possible, facts to aid them in deciding the case, and one of them so reported to his fellow jurors. He did not, however, communicate to his associates any fact claimed by him to have been discovered.

Whether a new trial should be granted upon the ground of misconduct of the jury, particularly misconduct of the character of that here presented, rests in the discretion of the trial court, the exercise of which will be interfered with only when abused. In the case at bar the trial court held that the conduct of the jurors in visiting the place of the accident was without prejudice to plaintiff, and there-

fore no ground for a new trial. We discover from the record no sufficient reason for disapproving that conclusion. The accident to plaintiff occurred in the nighttime. The visit of the jurors to the place thereof was in the daytime, and at a time when all evidence of the alleged defect had been removed. And though the action of the jurors probably amounted to misconduct, still nothing was disclosed to them by the visit to the place, either for or against the interests of plaintiff, and no prejudice resulted therefrom. We do not understand, from the record before us, that the trial court disposed of the motion upon the theory that plaintiff was bound affirmatively to show that she was materially prejudiced by the conduct of the jurors in visiting the place of the accident. On the contrary, it is clear that the court based its conclusion upon the showing made by both parties, and that therefrom it affirmatively appeared that no prejudice resulted. In other words, the conclusion of the court was that any presumption of prejudice arising from the prima facie misconduct of the jurors was fully overcome by the affidavits presented on the motion, in connection with the record and proceedings on the trial. In that conclusion we concur.

The question whether misconduct of the character of that here disclosed is ground for a new trial must be determined from the particular facts presented in each case. No general rule has ever been laid down by which all cases may be tested further than that actual prejudice must appear. Woodbury v. City of Anoka, 52 Minn. 329, 54 N. W. 187; Gude v. City of Mankato, 30 Minn. 256, 15 N. W. 175, and Floody v. Great Northern Ry. Co. 102 Minn. 81, 112 N. W. 875, 1081, 13 L.R.A.(N.S.) 1196, cited and relied upon by plaintiff, presented facts essentially different from those disclosed in the case at bar and are not in point. And though there was a conflict upon some points in the evidence in this case, it is clear that the visit of the jurors to the place of the accident did not aid them one way or the other in deciding upon the merits of the case.

Order affirmed.

HOLT, J. having tried the case below, took no part.