# THOMAS C. THORESON v. JAMES A. QUINN.[1]

June 12, 1914.

Nos. 18,581—(116).

**New trial — misconduct of jurors.**

1. It is misconduct on the part of jurors, in an action for injuries resulting from a collision, to examine a vehicle involved in the collision, or the place where it occurred, without the knowledge of the court or the parties; and the complaining party is entitled to a new trial if such misconduct had, or might have had, an effect upon the result unfavorable to him.

**Same.**

2. But, if the court can determine with reasonable certainty that such misconduct did not affect the result, the verdict should stand.

**Same — reversal of trial court's decision.**

3. The duty to determine whether such misconduct may have been prejudicial rests primarily upon the trial court, and its determination thereof has the same weight as its determination of other questions of fact, and will not be reversed where the record does not contain the evidence upon which it was based.

**Same.**

4. Where a new trial is granted upon a motion based upon the minutes of court and upon affidavits, this court will not reverse the trial court, unless a settled case or bill of exceptions is contained in the record.

Action in the district court for Ramsey county by the administrator of the estate of Doris Thoreson to recover $5,000 for the death of his intestate. The case was tried before Stanton, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Edward A. Knapp,* for appellant.

*Harris Richardson* and *Walter Richardson,* for respondent.

[1] Reported in 147 N. W. 716.

TAYLOR, C.

On the evening of December 28, 1912, an accident occurred near the foot of what is known as the Sixth-street hill, in the city of St. Paul, in which the thirteen year old daughter of plaintiff sustained injuries which resulted in her death. The girl was coasting down the hill upon her sled and defendant was ascending the hill in his automobile. Plaintiff claimed that the accident occurred through the negligence of defendant in driving his machine at an excessive rate of speed upon the wrong side of the street without giving warning of his approach.

Defendant in his answer denied any negligence on his own part, and alleged that his machine was standing still upon the right side of the street at the time of the collision; and that the girl, who was lying face down at full length upon her sled, was coasting at great speed down the wrong side of the street, and passed so near the machine that she struck her head against the outer hub of its rear wheel. The jury returned a verdict for defendant. Thereafter plaintiff made a motion for a new trial, "on the minutes of the court and on affidavits" served with the notice of motion, upon the ground of the "misconduct of the jury." The court made an order denying this motion to which he attached the following memorandum:

"Bearing closely in mind all of the evidence in this case, and particularly all of the evidence in relation to the *locus in quo,* and the style and dimensions of the automobile, in reference to both of which there was no dispute, I am clearly of the opinion that the conduct of the jurors, though irregular, was without prejudice to the plaintiff.

"I think that the ends of justice will be best served by permitting this litigation to stop where it is."

Plaintiff appealed from the order. Thereafter, he presented a proposed case for settlement and allowance, which the court refused to approve or certify to, upon the ground that it was incomplete and did not contain material evidence adduced at the trial and taken into consideration in determining the motion. Later the court certified that 15 pages of typewritten matter, attached to the certificate,

126 M.—4.

contained a correct statement of those portions of the evidence set forth therein. No further effort was made to settle a case, and none was settled or certified to as containing the evidence considered by the court in deciding the motion.

Plaintiff's application for a new trial is based solely upon the misconduct of the jurors. No claim is made that the verdict is not in accordance with the evidence; and no complaint is made as to the rulings or charge of the court.

The affidavits show that, during the trial and without the knowledge of the parties or the court, one of the jurors visited the scene of the accident, and that two other jurors examined an automobile standing on the street, which answered the description of defendant's machine as given by the witnesses, and which some outsider told them belonged to him. The jurors testify that they said nothing to their fellow jurors concerning these observations, but that the physical facts observed indicated that certain statements of some of the witnesses were incorrect.

It was misconduct on the part of the jurors to make these examinations without the knowledge of the court or the parties; and, if the court can see that such examination had, or might have had, an effect upon the jury unfavorable to plaintiff, he is entitled to a new trial. Koehler v. Cleary, 23 Minn. 325; Aldrich v. Wetmore, 52 Minn. 164, 172, 53 N. W. 1072; Woodbury v. City of Anoka, 52 Minn. 329, 54 N. W. 187; Rush v. St. Paul City Ry. Co. 70 Minn. 5, 72 N. W. 733; Twaddle v. Mendenhall, 80 Minn. 177, 83 N. W. 135; Pierce v. Brennan, 83 Minn. 422, 86 N. W. 417; Floody v. Great Northern Ry. Co. 102 Minn. 81, 112 N. W. 875, 1081, 13 L.R.A.(N.S.) 1196.

But it does not always follow that, where jurors are guilty of misconduct, the verdict must be set aside and a new trial granted. If the court can determine with reasonable certainty that the misconduct did not affect the result, the verdict should stand. Koehler v. Cleary, 23 Minn. 325; Rush v. St. Paul City Ry. Co. 70 Minn. 5, 72 N. W. 733; Lyons v. Dee, 88 Minn. 490, 93 N. W. 899; MacKinnon v. City of Minneapolis, 117 Minn. 261, 135 N. W. 814;

Burho v. Minneapolis & St. Louis R. Co. 121 Minn. 326, 141 N. W. 300. The duty to determine whether such misconduct may have been prejudicial to the complaining party rests primarily upon the trial court, and its decision upon that question is entitled to the same weight accorded to decisions of trial courts upon other questions of fact. MacKinnon v. City of Minneapolis, 117 Minn. 261, 135 N. W. 814; Lyons v. Dee, 88 Minn. 490, 93 N. W. 899. In the MacKinnon case the court say: "Whether a new trial should be granted upon the ground of misconduct of the jury, particularly misconduct of the character of that here presented, rests in the discretion of the trial court, the exercise of which will be interfered with only when abused. In the case at bar the trial court held that the conduct of the jurors in visiting the place of the accident was without prejudice to plaintiff, and therefore no ground for a new trial. We discover from the record no sufficient reason for disapproving that conclusion." By denying plaintiff's motion, the trial court has determined that the misconduct complained of was without prejudice to plaintiff. This court cannot say that the conclusion reached was erroneous, unless it has before it the evidence upon which the trial court acted. The motion was made, in part, upon the minutes of the court, and necessarily involved a consideration of the evidence adduced at the trial. This evidence is not before us, and, in the absence of the evidence, we must necessarily presume that the trial court drew the correct conclusion therefrom. It is the unvarying rule that a decision, resting upon conclusions drawn from the evidence, will not be reversed where such evidence is omitted from the record. In Re Post, 33 Minn. 478, 24 N. W. 184; Hospes v. Northwestern Mnfg. & Car Co. 41 Minn. 256, 43 N. W. 180; Dow v. Northern Land & Loan Co. 51 Minn. 326, 53 N. W. 649; Hendrickson v. Back, 74 Minn. 90, 76 N. W. 1090; Spurr v. Spurr, 108 Minn. 521, 121 N. W. 121. The case of Twaddle v. Mendenhall, 80 Minn. 177, 83 N. W. 135, upon which plaintiff relies, is not in conflict with this rule. In that case, the trial court granted a new trial upon affidavits showing misconduct of jurors. The appellant urged that the trial court should be reversed for granting the new

trial upon affidavits without a settled case, but, having failed to raise that objection before the trial court and having voluntarily submitted the motion upon affidavits alone, this court held that that objection had been waived and would not be considered by this court. Plaintiff cites several cases in which this court has reversed the trial court for denying a new trial on account of the misconduct of jurors; but an examination of those cases shows that in every instance the record contained all the evidence upon which the trial court based its decision. In the present case we are asked to reverse the decision of the trial court upon a record which contains only a portion of the evidence considered by that court. It has uniformly been held that this cannot be done. The decision is presumed to be correct, and error cannot be predicated upon an incomplete record.

Order affirmed.