GUSTAVE A. GUNDERSON v. MINNEAPOLIS STREET RAILWAY COMPANY.

AUGUSTA GUNDERSON v. SAME.

CARROLL GUNDERSON v. SAME.

IONE GUNDERSON v. SAME.

MYRTHA GUNDERSON v. SAME.[1]

June 26, 1914.

Nos. 18,550—(91).

**Misconduct of juror.**
    1. The decision of the trial court that an unauthorized view by a juror of the *locus in quo* did not influence the verdict is sustained.

[1] Reported in 148 N. W. 61.

**Conduct of counsel.**
>   2. Certain remarks of counsel in opening to the jury and certain conduct of his during the trial considered and *held* not sufficient to warrant a reversal.

**Verdicts — evidence.**
>   3. The verdicts are sustained by the evidence.

Five actions in the district court for Hennepin county against the same defendant to recover $1,300, $3,000, $1,000, $5,000 and $15,000, respectively. The cases were tried together before Jelley, J., and a jury which returned a verdict in each case in favor of the defendant. From an order denying in each case plaintiff's motion for a new trial, plaintiff appealed. Affirmed.

*T. D. Sheehan,* for appellants.

*N. M. Thygeson* and *John F. Dahl,* for respondent.

BUNN, J.

These actions were brought to recover damages to property and for personal injuries sustained in a collision between a street car of defendant and an automobile in which plaintiffs were riding. By consent the actions were tried together, the trial resulting in a verdict for defendant in each case. Motions for a new trial were denied, and the plaintiffs appeal.

Three grounds are urged for a reversal of the order appealed from: (1) Misconduct of one of the jurors in visiting the *locus in quo;* (2) misconduct of defendant's counsel in his opening to the jury; (3) the verdicts are not sustained by the evidence.

The accident happened at the intersection of Sixth avenue South and Sixth street South in Minneapolis. These streets cross at right angles, Sixth street running east and west and Sixth avenue north and south. Defendant operates a street car line on Sixth street. Plaintiffs were riding in an automobile owned by plaintiff Gustave A. Gunderson, the other occupants being members of his family and a driver. The automobile approached Sixth street from the north on the right hand side of Sixth avenue. A high hedge and trees on the right or west side of Sixth avenue and on Sixth street tended to obstruct the view of street cars approaching from the west. Buildings

on the east side of Sixth avenue near the corner of Sixth street formed
an obstruction to the view of cars approaching from the east. The
occupants of the automobile when within a distance of 40 feet from
the first or northerly track on Sixth street saw a car approaching
from the east and from 125 to 175 feet away from the crossing. They
then looked to the west, saw no car approaching from that direction,
and proceeded to cross the tracks. The automobile was struck by the
car approaching from the east, causing the injuries and damages to
recover which the actions were brought.

1. The claim of misconduct of a juror is based upon his unauthor-
ized visit during the trial to the scene of the accident. That this
was misconduct is clear, but it does not follow that it was error to
refuse a new trial. The juror, in the affidavit used on the motion,
stated that he visited the intersection of Sixth street South and Sixth
Avenue South for the express purpose of obtaining knowledge of the
surrounding conditions from personal observation, and for the pur-
pose of seeing the condition at each of the four corners as to what,
if any, obstructions to observation there were when approaching
Sixth street, and to better determine what opportunities the differ-
ent witnesses, who had testified or might testify, had for seeing the
accident. The juror in this affidavit said he was unable to state what
influence his view had upon his weighing the testimony, or whether
it had any effect in the decision of the cases.

The scene of the accident was a well-known corner in Minneapolis.
There was no conflict in the evidence as to what the obstructions
were, nor any dispute as to the opportunities the different witnesses
had for seeing the accident. It is not apparent how the verdict
could have been influenced by the private view taken by this juror.
The trial court has refused to disturb the verdict on account of this
misconduct. On the facts of the particular case we hold that there
is no ground for our disagreeing with the conclusion of the trial court
that the misconduct did not influence the verdict. MacKinnon v.
City of Minneapolis, 117 Minn. 261, 135 N. W. 814; Thoreson v.
Quinn, supra, page —, 147 N. W. 716.

2. Counsel for defendant, in his opening statement to the jury,
said: "We propose to show that the only eye witness upon the

street was a man by the name of Bell, and the man when we last heard of him was in the office of Mr. Sheehan (the attorney for plaintiffs) interviewing both Mr. Gunderson and Mr. Sheehan, and that he mysteriously disappeared and that we have searched for him since, but have been unable to find him." Plaintiffs excepted to this language. At the close of his case defendant's attorney called as a witness the claim agent of defendant, who testified that but one witness was on the street at the time of the accident and that his name was Bell. Then counsel for plaintiff objected and the objection was sustained, whereupon defendant's attorney called Mr. Sheehan to the stand, and questioned him in regard to Mr. Bell. After a ruling that the testimony was inadmissible, Mr. Sheehan went on and explained how Bell came to plaintiff's house and claimed to have been a witness to the accident, how he, Sheehan, gave Bell a dollar for car fare and told him to come to his office the next morning, how Bell kept the appointment and told a story of the accident that was so improbable that Sheehan didn't believe he saw it. Bell seems to have then disappeared and was not produced as a witness on the trial. After Mr. Sheehan had testified, defendant's attorney offered to show the efforts he had made to find Bell: "Not that I can connect it with the plaintiff to show any misconduct, but to show efforts have been made to find this man and his identity has been concealed." The court ruled that the proposed evidence was irrelevant, and the episode ended.

The conduct of defendant's counsel is not wholly free from a suspicion that the statement in his opening address was not made with the expectation of being able to prove that plaintiffs or their attorney had anything to do with the disappearance of Bell. His disclaimer afterwards casts doubt upon the good faith of his proposal. But we are unable to hold that the remark was prejudicial. The testimony of Sheehan cleared up the charge, and there was enough apparent foundation for it to in a measure excuse making it. The trial court was much better able than we are to determine the effect upon the jury of the remarks of counsel and the subsequent rather irregular proceedings, and we must sustain its conclusion that the affair had no influence upon the jury.

3. It is insisted that the verdicts are against the great weight of the evidence and based upon evidence which is not only unreasonable and improbable, but impossible. A careful consideration of the testimony convinces us that we ought not to disturb the verdict. The evidence was in direct conflict. The position of the automobile after the accident and the nature and location of the injuries to it, tend to sustain the claim of plaintiff's witnesses that the automobile was struck as it was proceeding directly across the tracks, but we are unable to say that the physical facts are so inconsistent with the story of the accident as told by defendant's witnesses as to justify us in characterizing their evidence as impossible, unreasonable or improbable. The evidence, taken as a whole, would have justified verdicts either way, and was not manifestly and palpably against the verdicts rendered.

Order affirmed.