## MARTHA NELSON v. WILLIAM G. KUHFELD AND ANOTHER.[1]

### February 8, 1924.

### No. 23,699.

**New trial because of misconduct of attorney.**

1. When an attorney during a trial is charged by the opponent with misconduct in conversing with a juror in the case, it usually calls for an explanation to satisfy the trial court that such conversation did not relate to the case. And, when he is charged with misconduct based on such conversation on the motion for a new trial, his failure to make an explanation may result in a new trial.

**Trial judge satisfied that conversation with juror was innocent.**

2. The record indicates that the court was satisfied that the conversation noticed between the attorney of plaintiff and a juror in the court room, and challenged by the attorney for defendant, was innocent and did not call for any explanation; that defendant's attorney then acquiesced, voicing no dissent, and taking no exception; and that, when on the motion for a new trial defendant charged the same incident as misconduct upon no other facts than those passed upon at the trial, the court again was satisfied that no misconduct had occurred and that an explanation was not called for.

**Discretionary with court to call for explanation.**

3. When there is no showing that a casual conversation between a juror and an attorney participating in a trial related to the case and no circumstances are set forth which give rise to such an inference, it is within the discretion of the trial court to determine whether an explanation is called for.

Action in the district court for Ramsey county to recover $5,365 for personal injuries received in an automobile collision. The case was tried before Olin B. Lewis, J., and a jury which returned a

[1] Reported in 197 N. W. 253.

verdict for $1,000. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Orr, Stark & Kidder*, for appellant.

*Sexton, Mordaunt & Kennedy*, for respondent.

HOLT, J.

Plaintiff recovered a verdict for personal injuries, and from the order denying his motion for a new trial defendant appeals.

The only error assigned in this court is the refusal to grant a new trial for misconduct of plaintiff's counsel. The record discloses that the trial began on the morning of March 19, 1923, and at 5 o'clock the next day this took place: "The court wishes to call the attention of the jury to the caution that has already been given them in regard to talking about the case or permitting any one to speak to you. And I wish to add to that caution one other suggestion, that it is improper for members of the jury to mingle with the witnesses or any of the litigants in the court room during intermission. I hope you will remember and refrain from doing so. This trial is a serious matter and it is not an occasion for levity and there has been some deportment in the court room that does not meet with the approval of the court, and I wish to suggest to counsel that from this time on we wish to be guarded both with reference to the litigants and the witnesses and the jury in regard to the conduct of this case."

When the court opened the next morning the attorney for defendant stated: "I offer to prove by Mr. W. C. Kuhfeld that, during the noon hour just after adjournment yesterday, he observed counsel for the plaintiff holding a considerable conversation with one of the jurors, being the juror sitting in the front row on the right end as we face the jury." The court said: "The presumption is that there was no attempt to interfere with the jurors at all by counsel, the counsel being under oath as officers of the court." Counsel responded: "I would say further that this was not brought to my attention until last night. He didn't understand the significance of it, and upon the court's statement just at the closing hour last night my client called by attention to it. I thought in view of

the court's statement at the time that it ought to be brought to the attention of the court." The court answered: "I am inclined to think at this time it does not call for any action of the court." Apparently counsel acquiesced in that view for no dissent was voiced, no exception was taken, and the trial proceeded to verdict.

In the motion for a new trial the above incident was charged as misconduct of counsel. The charge is supported by the affidavit of appellant W. G. Kuhfeld, and has nothing of substance other than what was offered to be proven during the trial, as above stated, except that the juror and attorney talked for two or three minutes in the court room, as court suspended for the noon recess and that no one was near enough to hear the conversation. There is no suggestion that the two sought to keep others from hearing what was said. There were others in the court room. No affidavit from the juror or attorney was presented.

The record reveals a commendable zeal and caution on the part of the learned court below to free the trial from any unseemly and improper conduct on the part of jurors, attorneys and litigants, which might give occasion to suspect wrongdoing. Conversations between jurors and litigants or attorneys during a trial may or may not amount to misconduct, depending upon the subject touched and the object in view. But all such communications are improper as offending the ethics of a trial and creating occasion for criticism or suspicion. And it may be said, when it is made to appear that an attorney in the case and a juror have had a conversation during the course of a trial and because thereof misconduct is charged, it is, as a rule, incumbent upon the party accused to make an explanation that the conversation had no relation to the case. If he will not, he should be required to take a new trial. If he explains, the question is for the court. His explanation may exculpate him or it may not. This does not put the burden upon him to show that he was not guilty of misconduct. The attacking party must, upon the whole record, satisfy the court that there was misconduct. In the instant case when the incident was urged upon the trial court, that court evidently was satisfied either from personal observation or from knowledge of the parties

concerned that there had been no real misconduct, and that there was no occasion to call for an explanation from either the juror or the attorney. In fact, the inference is that the incident was noticed by the trial court, and gave rise to the additional caution when the adjournment was taken that evening. The atmosphere of a trial cannot be transferred to an appellate court. As to many incidental matters, such as proper decorum and an observance by all in attendance of the rules that go to insure a decision uninfluenced by anything apart from what is heard in open court, much must be left to the sound discretion of the trial court.

And here, not only is there an indication that the attorney acquiesced in the opinion of the court, that an explanation from the offending parties was not called for, but we must take it as true that, when on the motion for a new trial based upon no other facts than those brought to the attention of the court during the trial, the court again concluded that no explanation was required, and that there had been no real misconduct. Where there is no showing that a casual conversation between a juror and an attorney of one of the parties related to the case on trial, or of circumstances which give rise to an inference that it related thereto, it is within the sound discretion of the trial court to determine whether an explanation is required. An appellate court has not such a view of the trial as the judge presiding thereat had. We feel that upon the record here presented the trial court might well dispense with an explanation, and refuse to find that the conversation was legal misconduct.

The order is affirmed.

WILSON, C. J. (concurring in result.)

I concur in the result in the opinion of Mr. Justice Holt, and I am in accord with the ideas therein expressed as to the discretion of the trial court when there is misconduct upon which that discretion may be exercised.

I do not concur in the statement that "when it is made to appear that an attorney in the case and a juror have had a conversation during the course of a trial and because thereof misconduct is

charged, it is, as a rule, incumbent upon the party accused to make an explanation that the conversation had no relation to the case." This language is not consistent with the statement that this does not put the burden upon him to show that me was not guilty of misconduct. It, in practice and in fact, forces him to prove his innocence.

The record does not show any connection between the admonition of the court given at 5 o'clock the day previous and the talk between the juror and counsel.

I recognize that if jurors are to dispense justice fairly, and if their verdicts are to retain the confidence and respect of litigants and the public generally, the purity of jury trials must be jealously guarded. State v. Snow, 130 Minn. 206, 153 N. W. 526. Undue familiarity between jurors and persons interested in the outcome of litigation will probably breed distrust, but I am unable to see that the record in this case discloses any "misconduct" which would invoke the discretion of the trial court even in the absence of any explanation on the part of counsel for the prevailing party. It seems to me that the opinion of the court goes too far, and far beyond the prior decisions of this court; and the conclusion is apparently based upon the prior decisions putting the burden of proof upon the alleged wrongdoer to exonerate himself from prejudice or bias to the harm of the defeated party. This rule is a wholesome one and the proper one when the record shows "misconduct" to which this rule may be applied.

The nature of this charge is such that, if well founded, it must seriously affect the professional character of the attorney, and, because of that, he is entitled to the fullest extent to the benefit of that ruling of universal application extended to all the relations of society, that everyone shall be presumed to have discharged his legal and moral obligations until the contrary shall be made to appear.

If it may be said that misconduct existed, it must be upon the theory that a wrong was committed and counsel in that case is entitled to the presumption of innocence until there is some evidence to do away with such presumption.

Counsel is a practicing attorney in this state and he has taken an oath, as such, which reads as follows, to-wit:

I "do swear that I will support the Constitution of the United States and that of the State of Minnesota, and will conduct myself as an attorney and counsellor at law in an upright and courteous manner, to the best of my learning and ability, with all good fidelity as well to the court as to the client, and that I will use no falsehood or deceit, nor delay any person's cause for lucre or malice, SO HELP ME GOD."

Counsel is entitled to the benefit of the presumption that he has lived up to this oath, and that presumption, in my judgment, should prevail until such conduct is shown that justifies the legal inference of malfeasance. Certainly it should stand in such a case as this until it is made to appear that the talk was about the case on trial.

The juror, herself, was also under an oath that included "you will say nothing to any person concerning the case, nor suffer anyone to speak to you about it." She is also entitled to the presumption that she was faithful to her trust. It is in no way made to appear that she was not. She merely talked to a lawyer who was trying the case, an incident, to my mind, perfectly harmless.

It is not an unusual thing for a juror, even though that juror was not previously acquainted with counsel, to feel at liberty, after being engaged in the trial of a lawsuit for a day or so, to visit with counsel or talk with counsel incidentally when they are thrown together; and, in my judgment, it is not right to conclude that there is misconduct from the mere fact that a juror and a lawyer, engaged in the trial of a case, talk to each other. The fact that they were not previously acquainted is a circumstance showing the improbability of wrongdoing. These jurors are triers of fact. Trial judges are triers of fact in court cases and by what right are we to conclude that a judge may talk and visit with lawyers, who try cases before him, with impunity, and yet a juror, by talking with counsel for a moment, is guilty of such misconduct as to necessitate parties litigant to spend money in a retrial of their

lawsuit? The difference is only a matter of degree; and, while a lawyer may have more bias than a judge, the lawyer should be of equal integrity.

It occurs to me that the lawyer's standing in court is lost sight of in the foregoing opinion. The rights which a lawyer has, as such, are more than a mere indulgence, revocable at the pleasure of the court. He can only be deprived of these rights by the judgment of the court for moral or professional delinquency. His function is to inform the court as to the law and facts of the case and to aid it in doing justice and arriving at correct conclusions. He is the only proper means of communication between the court and his client. The court can never with propriety permit a litigant, in the absence of his adversary, to discuss a case with him. The court must rely upon the attorney for many intimate and responsible duties. He is, in fact, an officer of the court. Theoretically, at least, it is his first duty to see that the issue is justly decided, however his client is affected. By approved practice and ex necessitate, he is clothed in some measure with the court's power. His admission to practice is a certificate from the court that he possesses mental and moral qualifications for an office which has intimate and vital relation to the administration of justice. The opinion of the court in my mind reads counsel out of his proper standing before the court.

Many lawyers in country districts know personally all the jurors. They are often neighbors. Frequently they are members of the same church and social organizations and frequently thrown together in everyday life and it is a credit to the bar of this state and to the jurors of Minnesota that until now our records seem to be silent as to alleged misconduct between them. The opinion of the court in this case will be far-reaching in the social relation of lawyers and jurors and will give an added ground for new trials that may be urged necessitating much explanation, which doubtless can be readily made, and delays in court. If counsel in good standing is not immune from a presumption of bad conduct on such a record as now before us, it is hard to see how his affidavit should have credence.

I respectfully submit that the integrity of one, in the position of counsel, is protected by the various presumptions surrounding him and arising out of his fidelity to his oath of office, responsibilities and common duties toward society.

All of the authorities that have any tendency to support the court in this opinion, disclose some conduct in actual violation of oath, or at least that persons were concerned with something in the case. In the instant case it does not appear that the talk had any connection with the case on trial or that it related even to an incident in it. In the face of the oaths under which the counsel and juror were acting, we should conclude, just as the trial court did, that the incident deserved no consideration, until the moving party showed that this conversation in some way related to the case on trial. Counsel was not called upon to volunteer explanations. The circumstances did not call for it. The facts disclosed were not sufficient to call for the exercise of discretion on the part of the trial court.

The law puts the burden upon one who is guilty of misconduct to prove that no prejudice or harm results from that conduct. It does not put the burden upon one in counsel's position to have to come in with affidavits and disclose his talks with others, until it is made to appear that the litigation was the subject of the talk. The authorities hold only that the burden is on the accused to show that no prejudice is suffered when it is made to appear that there is misconduct. Certainly the complaining party in a case of this character should be required to show that the talk, when talk is all that is involved, related to the litigation or an incident thereto, before the burden can be cast upon the alleged wrongdoer. If the talk does not relate to such, there is no wrong, and hence no misconduct. I am unable to understand why one who does not have the burden of proof can be made to explain or make a disclosure. If it was made to appear by the complaining party that the talk was about the case, then, and not until then, the accused should be charged with the burden of proof to show no prejudice and his explanations would then be in order. Koehler v. Cleary, 23 Minn. 325; Woodbury v. City of Anoka, 52 Minn. 329, 54 N. W.

187; Rush v. St. P. City Ry. Co. 70 Minn. 5, 72 N. W. 733; Twaddle v. Mendenhall, 80 Minn. 177, 83 N. W. 135; Pierce v. Brennan, 83 Minn. 422, 86 N. W. 417; Thoreson v. Quinn, 126 Minn. 48, 147 N. W. 716; Akin v. Lake Superior Con. Iron Mines, 103 Minn. 204, 114 N. W. 654, 837.

The attitude of the court toward counsel should be one of trust and not distrust—the relation of confidence should be reciprocal. The fact that a person is a lawyer, does not take away from him his ordinary civic duties, liberties and privileges, even in the presence of jurors who are trying his client's cause. Such has never heretofore been the declared law.