## PETER J. SPINNER v. THOMAS JEFFERSON McDERMOTT.[1]

December 29, 1933.

No. 29,535.

*Albert Schaller, Humphrey Barton,* and *G. T. McDermott,* for appellant.

*Harvey O. Sargeant,* for respondent.

*HOLT, Justice.*

The appeal is from the judgment entered after a denial of defendant's motion for a new trial. There was a verdict for plaintiff.

Plaintiff sued for damages, alleging, in short, that defendant procured a loan of $600, secured by a mortgage on his house and lots; that in the transaction it was agreed that plaintiff should cancel

[1]Reported in 251 N. W. 908.

the fire insurance he had on the house and defendant should insure in companies acceptable to him, and for that purpose he took out the full amount of the premium from the loan; that plaintiff canceled the policy he had; that defendant neglected to insure; and that subsequently fire destroyed the house, to plaintiff's damage. Defendant on the trial admitted that through some mistake in his office for which he was responsible plaintiff was entitled to some damages. Defendant had received the money to procure fire insurance on the house, but it had not been done. So plaintiff was without insurance when a fire damaged it.

There is nothing to the objection raised at the trial that the action could not be maintained because the mortgagee was not a party thereto. Objections on the ground of defect of parties must be raised by demurrer or answer. If not so raised the matter is waived. 2 Mason Minn. St. 1927, § 9252; 5 Dunnell, Minn. Dig. (2 ed.) § 7323, and cases there cited.

There is a claim that the verdict is excessive; but, since we conclude that a new trial is unavoidable, no purpose would be served by considering the amount of the verdict.

As stated, the issue tried and submitted was the loss caused plaintiff by the damage to the house by the fire. There was a sharp conflict on this issue, and the estimate of damages varied greatly; plaintiff's experts claiming a total loss of the building, which they valued at over $2,000; and defendant's, some of whom placed the value of the house at no more than $100. Two jurors, one being the foreman, went out to the house and examined it and the effect the fire had thereon. Defendant procured affidavits from both stating that during the progress of the trial they "visited the building involved in said case for the purpose of observing its condition and value and testing the accuracy of the testimony of witnesses who testified with respect to the building which was involved in said case; and examined said building inside and out." By affidavit, another juror, Dorothy Boston, shows that after this visit and inspection by the two jurors and before the submission of the case to the jury, the two jurors stated to her and to "other members of the jury that they had gone out and examined the building

in question so as to enable them to report to the other members of the jury as to its condition and value, which they, did." True, the two jurors subsequently, by affidavit, stated that they determined the case solely on the evidence adduced in court. But it is obvious that the jurors sought and obtained evidence outside of that adduced in court upon the sole issue in the case, viz. the amount in which the fire had damaged the building. To them the most satisfactory evidence on that issue was to examine the building itself, and they did examine it. Not only that, they imparted the knowledge thus gained to other jurors on the case, a fact which neither one of the two jurors denies. The following cases clearly hold that the misconduct of the jurors here is of such character that a new trial must be had. Hayward v. Knapp, 22 Minn. 5; Aldrich v. Wetmore, 52 Minn. 164, 53 N. W. 1072; Woodbury v. City of Anoka, 52 Minn. 329, 54 N. W. 187; Rush v. St. Paul City Ry. Co. 70 Minn. 5, 72 N. W. 733; Twaddle v. Mendenhall, 80 Minn. 177, 83 N. W. 135; Pierce v. Brennan, 83 Minn. 422, 86 N. W. 417; Newton v. Minneapolis St. Ry. Co. 186 Minn. 439, 243 N. W. 684. Plaintiff cites and relies on MacKinnon v. City of Minneapolis, 117 Minn. 261, 135 N. W. 814; Thoreson v. Quinn, 126 Minn. 48, 147 N. W. 716; Brown v. D. S. S. & A. Ry. Co. 147 Minn. 167, 179 N. W. 1003. To these may be added Honkomp v. Martin, 182 Minn. 404, 234 N. W. 638. These last cited cases go to the point that every misconduct of jurors in which the prevailing party had no part will not entitle the losing party to a new trial. It is for the trial court to decide whether the misconduct prejudicially affected the loser. The legal presumption is that it did, but it may be overcome by satisfactory proof that it did not. Here was no showing whatever that the evidence gained outside the court room did not affect the amount of the verdict, except the denial in the second affidavit of the two jurors guilty of misconduct. Little reliance can be placed on such statement in face of what was said in the first affidavit. There was no showing worthy of belief that the presumption of prejudice resulting from the misconduct does not inhere in the verdict.

Some claim is made by defendant that plaintiff's damages should be ascertained on the same basis as if he had a standard policy issued by defendant; that is, all the conditions in such a policy should inure to the benefit of defendant, such as the option to repair or rebuild and that he has not been given the right to do so. We are cited to no authority so holding. Defendant ought not to find shelter under the terms of a contract of which his neglect deprived plaintiff. The following cases indicate that the cause of action is for breach of defendant's agreement to insure plaintiff's building. Whether this breach arose from neglect or other cause would have no bearing on defendant's liability to respond in damages for the loss actually caused plaintiff from the failure to insure. Everett v. O'Leary, 90 Minn. 154, 95 N. W. 901; Russell v. O'Connor, 120 Minn. 66, 139 N. W. 148; Rezac v. Zima, 96 Kan. 752, 153 P. 500, Ann. Cas. 1918B, 1035; Gay v. Lavina State Bank, 61 Mont. 449, 202 P. 753, 18 A. L. R. 1204; Lindsay v. Pettigrew, 5 S. D. 500, 59 N. W. 726; Gegare v. Fox River L. & L. Co. 152 Wis. 548, 140 N. W. 305.

Other errors assigned, such as misconduct of counsel, need not be considered for they are based on matters not likely to be met with in a future trial.

For misconduct of the jurors there must be a new trial.

The judgment is reversed.

*STONE, Justice* (concurring).

Concurring in the result and all that is said in support of it, I yet submit that this much should be added in view of the necessity for a new trial.

Even under a standard, valued policy, the insurer has the option to repair in the case of partial, and to rebuild in that of total, loss. Curo v. Citizens Fund Mut. F. Ins. Co. 186 Minn. 225, 242 N. W. 713. So the plaintiff's damage could in no event exceed the amount of the insurance which defendant contracted to, but did not, procure, or the cost of repairing or rebuilding, whichever of those two maxima may be the lower. Therefore, evidence as to the cost of repairing or rebuilding was relevant on the measure of plaintiff's damage.