PETER F. AKIN v. LAKE SUPERIOR CONSOLIDATED IRON MINES and
Others.[1]

January 24, 1908.

Nos. 15,462—(159).

**Interference with Jury.**

> Where there is in fact misconduct in interfering with the jury in the performance of their duty, it is sufficient to require the granting of a new trial if the misconduct may reasonably have had an effect unfavorable to the moving party.

**Corrupting Juror.**

> Where a prevailing party (in this case one of the defendants) attempts to corrupt or improperly influence the action of any of the jurors in a case, a new trial, as a matter of sound public policy, should be granted, without reference to the question whether or not the attempt was successful.

Action in the district court for St. Louis county by a minor, by his father, against three corporations, viz.: Lake Superior Consolidated Iron Mines, Oliver Iron Mining Company, and Roberts-Kingston Contracting Company, to recover $20,000 damages for personal injuries. The case was tried before Cant, J., and a jury which rendered a verdict against the Oliver Mining Company in the sum of $10,000, and in favor of defendant Roberts-Kingston Contracting Company, and by direction of the court a verdict in favor of Lake Superior Consolidated Iron Mines. The motion of the Oliver Company for judgment notwithstanding the verdict or for a new trial was denied. From the order denying this motion, which included an order that, as between the defendants the Oliver Company and the Kingston Company, the verdict in favor of the last named defendant should be set aside, and that the Oliver Company should not be prevented from prosecuting an action for indemnity, the Oliver Company appealed. Reversed, and new trial granted.

*Baldwin, Baldwin & Dancer,* for appellant.

No inquiry is made into the result of the misconduct, nor is the verdict set aside by way of punishment, but as stated by the courts

[1] Reported in 114 N. W. 654, 837.

upon the ground of public policy and in the interest of fair trials. Ensor v. Smith, 57 Mo. App. 584; Finlen v. Heinze, 28 Mont. 548; Stafford v. City, 57 Iowa, 748; Preston v. Mutual Life Ins. Co., 71 Fed. 467; Sexton v. Lelièvrre, 44 Tenn. 11; Davidson v. Manlove, 42 Tenn. 346; Thompson, Trials, § 2564; Thornton, Juries, § 437; Palmer v. Utah, 2 Idaho, 315; Cottle v. Cottle, 6 Me. 140; Huston v. Vail, 51 Ind. 299; Phillipsburgh v. Fulmer, 31 N. J. L. 52; Vollrath v. Crowe, 9 Wash. 374; Perry v. Bailey, 12 Kan. 415; Vose v. Muller, 23 Neb. 171; Ensign v. Harney, 15 Neb. 330; Drake v. Newton, 23 N. J. L. 111; Knight v. Inhabitants, 13 Mass. 217; Smith v. Willingham, 44 Ga. 200.

There is, of course, a clear distinction between cases of this kind and cases involving misconduct of jury, which is usually caused by ignorance on the part of the juror as to his duties or carelessness and indifference upon his part. It is usually within the discretion of the trial court to say whether misconduct of this kind should be ground for a new trial, and he usually decides the case upon the question as to whether the misconduct might have had an effect upon the verdict rendered. Misconduct of the jury is, in a sense, like errors of law committed by the court, usually in good faith and occasionally without prejudice to litigants or injury to the dignity and integrity of the court. This is the rule in Minnesota. But where there is a wilful attempt to tamper with the jury, we apprehend this court to be as jealous of its high standard as any other court. Koehler v. Cleary, 23 Minn. 325; State v. Floyd, 61 Minn. 467.

In this case the misconduct is too gross to require any inquiry as to whether a party has been prejudiced thereby. The whole trial was tainted and, as shown by the authorities, the question of prejudice to the litigant should not be considered. It is rather a question of prejudice to the court itself and to the administration of justice. When a wilful attempt is made by a party to the action to corrupt the jury, there should be no burden imposed upon any complaining party of tracing home the wrongdoing or of showing prejudice to his rights. Such a policy would be an invitation to every evil-minded litigant to bring improper influence to bear upon the jury if he can hide behind some friend or third person in doing so.

*Samuel A. Anderson,* for respondent Akin.

*Coryate S. Wilson* and *Edmund M. Morgan,* for respondent Roberts-Kingston Contracting Company.

The verdict of the jury and any judgment that might be entered thereon could in no way affect the rights of the Oliver Company against the Kingston Company. If it ever had any right of indemnity or contribution, that right still remains. 23 Cyc. 1279; City v. Plummer, 89 Mo. App. 515; O'Rourke v. Lindell, 142 Mo. 342; San Antonio v. Singleton, 24 Tex. Civ. App. 341; Birkel v. Chandler, 26 Wash. 241. The contention of appellant's counsel in the court below was that the irregularity, if any irregularity there was, injured appellant in that it destroyed appellant's right to contribution against the Kingston Company. The right of the plaintiff to dismiss as to any one of several joint tort-feasors at any time before final judgment is absolute, irrespective of the right of contribution among such tortfeasors, and, therefore, irrespective of whether the tort be intentional or negligent. In none of the cases is any reference made to this factor. In the following cases where this principle was held to apply, the tort was intentional and no right of contribution existed. Palmer v. Crosby, 1 Blackf. 139; Dewoody v. Guertin, 13 Colo. App. 517; Gallaghan v. Myers, 89 Ill. 566; American v. Patterson, 73 Ind. 430; Gillen v. Wilson, 2 T. B. Mon. (Ky.) 11; Thomas v. Hoffman, 22 Mich. 44; Hardy v. Thomas, 23 Miss. 544; Allen v. Craig, 13 N. J. L. 294; Sloan v. Herrick, 49 Vt. 327; Bloss v. Plymale, 3 W. Va. 393. But the same result was reached in these cases where the tort was negligent. Montgomery v. Montgomery, 86 Ala. 372; Texas & P. Ry. Co. v. Sheftall, 133 Fed. 722; City v. Babcock, 143 Ill. 358; West Chicago v. Piper, 165 Ill. 325; Illinois v. Foulks, 191 Ill. 57; Postal v. Likes, 225 Ill. 249; Barrett v. Third Avenue, 45 N. Y. 628; Birkel v. Chandler, supra.

The cases cited demonstrate, beyond the possibility of a doubt, that an error or irregularity in the trial as between plaintiff and one defendant cannot be made the basis for a new trial at the instance of a codefendant, and that such error or irregularity has no effect whatever upon the rights of the codefendants as between themselves. If, therefore, the plaintiff Akin has had, ever since the service of the sum-

mons, the right to dismiss the Kingston Company from this action; if through an alleged irregularity against said Akin the Kingston Company has been dismissed from the suit and said Akin makes no objection; if the Oliver Company is with respect to the Kingston Company in the same position as before the trial began; if in the event that a verdict had been returned against the Kingston Company and the Oliver Company jointly, plaintiff could have placed matters in exactly their present condition; if, in short, the above cited authorities, in opposition to which appellant has brought and can bring the weight of no judicial opinion or sound legal reasoning, are controlling, then certainly the defendant Kingston Company is not properly a party to this proceeding upon the motion of his codefendant, the Oliver Company.

START, C. J.

This is a personal injury action, brought by the plaintiff, for the benefit of his minor son, against the Lake Superior Consolidated Iron Mines, the Oliver Iron Mining Company, hereinafter referred to as the "Oliver Company," and the Roberts-Kingston Contracting Company, hereinafter referred to as the "Kingston Company." The case was dismissed as to the first-named defendant. The jury returned a verdict in the sum of $10,000 in favor of the plaintiff against the Oliver Company, and a verdict in favor of the defendant Kingston Company against the plaintiff.

Thereupon the Oliver Company made a motion for judgment notwithstanding the verdict or for a new trial. The plaintiff and the Kingston Company were made parties to the motion, which was based on the ground, among others, that the Kingston Company, by one of its officers, was guilty of misconduct in relation to the jury, whereby the Oliver Company was deprived of a fair trial. The trial court denied the motion for judgment, but was of the opinion that there was such wrongdoing on the part of the defendant Kingston Company that the verdict in its favor should not stand as against one who, complaining, would be adversely affected thereby. Thereupon the court made its order denying the motion for a new trial as against the plaintiff, and further ordered that, as between the Oliver Company and the Kingston Company, the verdict in favor of the latter should be vacat-

ed and set aside; that as between them such verdict and the judgment to be entered thereon should be without force or effect; and, further, that the Oliver Company should not be prevented thereby from successfully prosecuting an action for indemnity against the Kingston Company, if it should be so advised.

The Oliver Company appealed from the whole order. Both the plaintiff and the defendant Kingston Company were made parties to the appeal, and they severally appeared and litigated in this court with the Oliver Company the questions raised by its appeal. It is not claimed in this court by the appellant that it was entitled to judgment notwithstanding the verdict, and the assignments of error relate only to the alleged misconduct and to the charge to the jury. The conclusion we have reached on the first question makes it unnecessary to consider the second one.

A brief statement of the issues is necessary to an understanding of the claim of misconduct on the part of the Kingston Company. On August 27, 1905, the plaintiff was in the employ of the Kingston Company, and while he was going, on that day, from his place of work to his boarding place, he fell into a test pit, which the complaint alleged was negligently left unguarded by the defendants, whereby he was seriously injured. The complaint alleged that the test pit was on a certain forty acres of land which was in the possession of the Oliver Company for the purpose of removing the iron ore therefrom; that it entered into a contract with the Kingston Company to strip the land of waste material, and thereupon it entered into possession thereof jointly and severally with its codefendants. The complaint further alleged that the defendants, and each of them, negligently permitted the test pit to remain unguarded. The defendants answered separately, putting in issue the allegations of the complaint; or, in other words, the plaintiff claimed that both of the defendants were liable, while each of them claimed that it was not liable.

Such being the issues, the trial court instructed the jury with reference thereto as follows: "You may find a verdict against either one or both of these defendants. You may find a verdict in favor of either one or both, according as you believe and apply the evidence. It is with you to say. The alleged negligence of the defendants is that up-

on which plaintiff bases his claim to recover, and there can be a recovery against that defendant only as to which negligence has been established, if as to one only; if as to both, then as to both. If, under all the circumstances, you find that either of the defendants was not negligent, there can be no recovery as to such defendant." There was evidence justifying the giving of the instruction. Each defendant, then, as against his codefendant, was entitled to a fair consideration, by an unbiased jury, of the question of its liability, in case only one of them was liable.

The alleged misconduct on the part of the Kingston Company related to an attempt to improperly influence one of the jurors. The moving papers and evidence on the part of the appellant on the motion for a new trial tended to show that one of the jurors impaneled to try the case was a tailor and the proprietor of a shop; that the secretary of the Kingston Company was a witness on its behalf on the trial of the action; that on the second day of the trial, and before testifying in the case, he went to the shop of the juror and placed an order for an overcoat of the value of $40; that he went to the shop on two different occasions, but did not find the juror in either time; that the juror, however, knew of the order; that the secretary on the third day of the trial said, during a conversation about the case, to a third party, that he did a good piece of work the day before; that before testifying in the case he went to the shop of one of the jurors, who was a tailor, and placed an order for a fine overcoat; that he did not need the coat, and, continuing, he said, "that will not do any harm," at the same time winking. The secretary denied having this conversation. He admitted ordering the overcoat, but denied that he gave the order from any improper motive, and claimed that he was innocent of any intentional wrong in the premises. The trial court found, in effect, that there was misconduct, as alleged, on the part of the Kingston Company, and attempted to right the wrong so far as possible without disturbing the verdict in favor of the plaintiff against the Oliver Company. It must be assumed, then, for the purposes of this appeal, that the Kingston Company, by its secretary, was guilty, as charged, of misconduct with reference to the juror.

It is urged on behalf of respondents, respectively, that the appel-

lant's·rights as against the Kingston Company, if any it has, are fully protected by the order appealed from, and, further, that the alleged misconduct could not have affected unfavorably appellant's rights.

The plaintiff is absolutely innocent of any misconduct, and if, in the proper administration of justice, it shall become necessary to set aside his verdict for the wrong of another, it will be a matter of keen regret. The plaintiff, however, is not the only party to the action whose rights must be conserved. It is not sufficient to say that the plaintiff might have omitted to bring his action against the Kingston Company, or that he might have dismissed the action as to it any time before trial; for the fact remains that the action was against both companies and was tried against both by the same jury. Even if it be conceded that the appellant's right of contribution against its codefendant is preserved, yet, if there had been a judgment against both, the enforcement of contribution would have been a much simpler matter by virtue of R. L. 1905, § 4281. Again, the Oliver Company was entitled to have the question whether it or its codefendant was liable, in case the jury were of the opinion that only one was liable, determined by a jury of twelve men, none of whom had been approached by its codefendant. It cannot, then, be said with any degree of certainty that the Oliver Company was not prejudiced by the alleged misconduct of its codefendant in attempting to fix one of the jurors.

Where there is in fact misconduct by interfering with the jury in the performance of their duty, it is unreasonable to require the party urging such misconduct to show that he was in fact prejudiced. It is sufficient if the misconduct may reasonably have had an effect unfavorable to him. Hayward v. Knapp, 22 Minn. 5; Koehler v. Cleary, 23 Minn. 325; Woodbury v. City of Anoka, 52 Minn. 329, 54 N. W. 187; Rush v. St. Paul City Ry. Co., 70 Minn. 5, 72 N. W. 733.

Where a prevailing party attempts to corrupt or improperly influence the action of any of the jurors in a case, a new trial should, as a matter of sound public policy, be granted, without reference to the question whether or not the attempt was successful. The jury system has been deservedly pronounced "the best achievement of civilization." Any failure of the system in particular cases is not due to the system, but to its administration; and courts should be earnest in their efforts

to safeguard the right of every party to an action to a fair trial by an uncorrupted jury. We are therefore of the opinion, and so hold, that the order appealed from should be reversed, and a new trial granted, as to all of the parties, on account of the misconduct of the Kingston Company, with judgment in favor of appellant for costs and disbursements in this court against the Kingston Company.

So ordered.

On February 7, 1908, the following opinion was filed:

PER CURIAM.

The defendant Kingston Company petitions for a rehearing upon the ground that in an action of tort a defendant cannot be brought into an appeal at the instance of his codefendant, between whom no issues are joined or litigated. The court in the original opinion did not consider the general question which the petition suggests, for the reason that it was not necessary so to do, in view of the special facts of this case and the procedure adopted. The special facts which take this case out of the general rule claimed are briefly referred to in the original opinion; but, to prevent any misunderstanding as to the scope of the decision, we deem it advisable to restate them with greater particularity.

There was but one verdict returned, which was in favor of the plaintiff against the Oliver Company, and in favor of the Kingston Company against the plaintiff. Thereupon the Oliver Company, in its alternative motion for a new trial, moved the court to set the verdict aside in its entirety—that is, as to both the plaintiff and the Kingston Company—on the ground, among others, of the alleged misconduct of the Kingston Company in relation to the jury, whereby the Oliver Company had been deprived of its right to a trial by an impartial jury. The Kingston Company was made a party to the motion, and, so far as shown by the record in this court, it appeared generally on the hearing of the motion and contested it on the merits. The trial court found the Kingston Company guilty of the alleged misconduct, and granted the Oliver Company only a part of the relief asked. The Oliver Company, deeming the relief inadequate, appealed from the whole order, making the Kingston Company a party to the appeal. The Kingston

Company appeared in this court and contested with the Oliver Company the appeal on its merits. Upon these special facts this court was of the opinion that the Kingston Company was a party to the appeal, and that there was no other practical way to right the wrong and maintain the purity of trial by jury, except to set the verdict aside in its entirety. The Oliver Company, as against the Kingston Company, was a prevailing party in this court; hence costs and disbursements were properly awarded against it.

Petition for rehearing denied.