QUINN-SHEPHERDSON COMPANY v. UNITED STATES FIDELITY & GUARANTY COMPANY AND OTHERS.

UNITED STATES FIDELITY & GUARANTY COMPANY, APPELLANT.[1]

June 17, 1921.

No. 22,245.

**New trial — reversal on appeal — second trial.**

1. The reversal of an order denying a new trial leaves the case where it stood before it was brought to trial. The second trial is not controlled by the evidence or proceedings at the first.

**Oral contract of insurance — submission of issue to jury.**

2. The evidence required the submission to the jury of an issue as to the existence of an alleged oral contract of insurance of the fidelity of plaintiff's employes, and supports the jury's findings that the parties had entered into such a contract.

**Letter not inconsistent with existence of contract.**

3. The contents of the letter set out in the report of this case on the former appeal (142 Minn. 428, 431), are not inconsistent with an infer-

[1]Reported in 183 N. W. 347.

ence that at some time before it was written the parties had arrived at an agreement for insurance.

### Defense not made in trial court barred on appeal.

4. The defense that plaintiff had made false answers to questions in the application for insurance was not urged at the trial and cannot be considered for the first time on this appeal.

### Charge to jury.

5. The trial court did not give undue prominence in its instruction to the jury to the letter to which reference has been made.

After the former appeal reported in 142 Minn. 428, 172 N. W. 693, the case was tried before Fish, J., who at the close of the testimony denied defendant company's motion for a directed verdict, and a jury which returned a verdict for $24,372.18. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant company appealed. Affirmed.

*Cobb, Wheelwright & Benson,* for appellant.

*Fowler, Carlson, Furber & Johnson,* for respondent.

LEES, C.

This case is brought here a second time by the guaranty company's appeal from a denial of its alternative motion for judgment or a new trial after a jury had returned a verdict for plaintiff. The facts are fully stated in the opinion rendered on the former appeal. 142 Minn. 428, 172 N. W. 693. A reversal is sought on three grounds: (1) That the evidence is the same as at the first trial, and the law of the case, as stated in the opinion on the former appeal, entitled defendants to a directed verdict; (2) that there was no evidence that an oral contract of insurance of the fidelity of plaintiff's employes was ever made; (3) errors in the court's charge to the jury.

1. The evidence received at both trials was substantially the same. The first trial resulted in a finding that no contract for insurance had been made. After reviewing the evidence, this court said it satisfactorily sustained the finding. There was no intimation that it would not have sustained a contrary finding. If the court had been of the opinion that the evidence conclusively showed that no contract had

been made, a new trial would not have been granted. The order was unconditionally reversed. The effect of the reversal was to leave the case where it stood before it was brought to trial. The evidence and proceedings at the first trial were wiped out and the second was controlled in no respect by the first. St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077; McKenzie v. Banks, 94 Minn. 496, 103 N. W. 497; Holm v. Great Northern Ry. Co. 139 Minn. 258, 166 N. W. 224.

2. Appellant's principal contention is that the evidence of the making of an oral contract of fidelity insurance was not sufficient to justify the submission of that issue to the jury, or to support a verdict for plaintiff based on the existence of such contract. Nothing can be added to the outline of the evidence prepared by Mr. Justice Dibell when the case was here before. Appellant urges that the subsequent proceedings conclusively show that Wilson's version of the conversation with Shepherdson and Warner is correct. In support of its position, eleven reasons of varying degrees of cogency are stated and discussed in its brief. Respondent advances five reasons why appellant's deductions from the evidence are inconclusive or unsound, and confidently asserts that the weight of the evidence required the jury to find as it did. The opposing contentions of the parties have been thoroughly and clearly presented for our consideration. The fact that there is an irreconcilable difference in the conclusions honestly reached by experienced counsel in analyzing the evidence, tends to demonstrate the propriety of submitting the issue of contract or no contract to the jury. We hold that it was properly submitted and that the evidence was sufficient to justify the jury in finding in plaintiff's favor on that issue.

3. The appellant asserts that the Murphy letter of October 3 is neither a binder nor a contract for insurance. Plaintiff does not seriously dispute the assertion, contending, however, that the letter is an unqualified acceptance of a previous proposal for insurance and an admission of the existence of an oral contract of insurance when the letter was written. Conceding that appellant's assertion is correct, it does not follow that plaintiff must fail. The evidence would support a finding that the terms of a present contract were agreed upon either at the first conversation of the representatives of the parties or in the

course of subsequent negotiations. The contents of the letter are not inconsistent with an inference that at some time before it was written the parties had arrived at such an agreement.

4. Attention is called to what are termed suspicious circumstances surrounding the part played by plaintiff throughout the entire transaction. The suggestion is made that Rauch was a defaulter prior to August, 1916; that Shepherdson knew it when he and Warner had the conversation with Wilson; that in September Rauch became still more deeply involved, and that Shepherdson's anxiety to get written evidence of insurance effective as of August 1 was due to his knowledge of the true situation, which was concealed from appellant's representatives. Much is made of the circumstance that in November, 1916, plaintiff brought an action against Rauch and his wife to have a lien impressed on certain Minneapolis real estate alleged to have been purchased by Rauch with funds stolen from plaintiff prior to August 1. One of the defenses interposed in the present action was that, if Rauch was a defaulter, plaintiff knew it when it answered certain interrogatories in the written application for insurance; that its answers were false, and hence appellant was absolved from liability if, in fact, there was a contract insuring Rauch's fidelity.

In submitting the case to the jury, the court said: "Practically the one question in the case for you to determine is: Was this contract made?" Referring to the action against Rauch, the court said that evidence relating to it had not been received to diminish the recovery against defendant. No exception was taken to this. No request was made for the submission of the special defense of falsity in plaintiff's answers to questions in the application for insurance. For these reasons this defense cannot be considered for the first time on this appeal.

5. The final contention is that undue prominence was given to the Murphy letter in the court's charge to the jury. After reading the letter, the court said: "There has been no question as to the right or authority of Mr. Wilson or Mr. Murphy to act for the defendant. * * * For that reason this letter is important as bearing upon the question as to whether Mr. Murphy and Mr. Wilson, or either or both of them, had actually agreed with Quinn-Shepherdson Company, to

cover any loss they might have sustained under this proposed insurance."

The attention of the jury was also called to the fact that before the letter was written appellant had been furnished with a list of plaintiff's employes, and had delivered blank applications to plaintiff which had been filled out by it and its employes and returned to appellant. In giving this instruction, the court is said to have committed prejudicial error under the doctrine laid down in State v. Yates, 99 Minn. 461, 109 N. W. 1070; Kincaid v. Jungkunz, 109 Minn. 400, 123 N. W. 1082; Geddes v. Van Rhee, 126 Minn. 517, 148 N. W. 549. In those cases, the vice in the instructions consisted in singling out and particularly directing the jury's attention to a circumstance, or testimony, or a written instrument, which was favorable to the party who recovered the verdict. In the instant case the letter was an important piece of evidence. Whether it was favorable or unfavorable to appellant is not so clear. It is quite possible to build upon it a plausible argument in favor of either party's contention respecting the main issue in the case. We doubt the application of the cases cited to the facts in the present case.

There is an additional reason why appellant has no just cause to complain of the instructions in question. What was said about the Murphy letter should be considered in connection with what preceded and followed in the court's charge. The jury were told that ordinarily a written agreement is entered into where insurance is effected; that the evidence in support of plaintiff's claim of an oral contract should be clear and convincing; that the real conflict was confined to a definite point, namely, as to what occurred at the first meeting in Wilson's office on August 2 or 3, and that, if both parties understood there was an agreement and there was no reason to doubt that there was an understanding that plaintiff's employes were covered by insurance, then and only then could a verdict be returned in plaintiff's favor. The court clearly stated to the jury the vital issue in the case. Its charge respecting the degree of proof required to establish plaintiff's claim was fully as favorable to appellant as it had a right to anticipate. When taken in connection with the remainder of the charge, the reference

to the importance of the Murphy letter was not an infraction of the rule relied on by appellant.

Our examination of the record has convinced us that appellant had a fair trial; that the only important question in the case was one of pure fact; and that the jury's determination of the question, approved by the learned trial judge, should be upheld as final.

Order affirmed.