H. A. BRECHT AND OTHERS v. TOWN OF BERGEN
AND OTHERS.[1]

February 27, 1931.

No. 28,312.

*Joseph P. O'Hara,* for appellants.
*W. O. McNelly,* for respondents.

[1]Reported in 235 N. W. 528.

Hilton, J.

Plaintiffs appeal from an order denying their motion for a new trial.

Appellants, who had petitioned the town board of Bergen township, McLeod county, to establish a township road, appealed to the district court from an order denying the petition. The case on appeal was tried to a court and jury, resulting in a verdict sustaining the town board on the merits.

The only ground for a new trial presented on this appeal is the alleged misconduct of counsel for respondents, arising from the circumstance that a member of the jury before which the case was later tried (a lady) was transported with two other persons by said counsel from Hutchinson to Glencoe in a car owned and driven by him. The claim is made that such conduct was prejudicial to appellants' cause. On the trip the juror and another lady occupied the back seat of the car; the third party, a man, was in the front seat with counsel.

There was little, if any, conversation between the juror and counsel or with the other man in the front seat; most of the talking was between the two ladies. The record discloses that there was nothing whatsoever mentioned by any of them about the case here involved. The juror herself stated that she had no knowledge of the nature of the case or any opinion concerning its merits at the time of the ride. Glencoe, the county seat, where the case was tried, is 16 miles from Hutchinson, where all the occupants of the car resided.

Although there is some dispute in the record as to whether the jury was impaneled and sworn on May 14 or 15, the trial court found that the ride took place prior to and not after the juror was selected to serve on the case.

The court further found that counsel for appellants at the time the jury was impaneled knew of the transportation incident and made no objection or challenge to the juror, as was his duty if he felt that the case might be prejudiced thereby. The court, from a personal acquaintance with the particular juror for nearly 40 years

and knowledge as to her strict integrity, felt satisfied beyond all question that there was no mention of the case while she was riding with counsel. Although suggesting that the conduct of counsel was indiscreet and not approved, the learned and experienced trial court stated that under the circumstances it was not of such a nature as to warrant the granting of a new trial. With this conclusion we agree.

Appellants in brief and oral argument stated that Minnesota has taken a commendable stand in its decisions by insisting upon most scrupulous conduct on the part of jurors, litigants, and counsel in the trial of cases. We do not recede in the slightest degree from that position; the purity of jury trials must be jealously guarded; undue familiarity between jurors and those interested in the outcome of litigation should not be countenanced. Although it is not necessary to require the party urging misconduct to prove that prejudice did in fact result, yet a court should not be captious and act on trifles.

Neither in this state nor in any other to which our attention has been called is there a case which is an authority for granting a new trial in a situation such as is here presented. Numerous cases where new trials were granted because of misconduct cited by appellants are readily distinguishable on the facts; only a few of them will be referred to.

In the case of Magnuson v. Bouck, 168 Minn. 39, 209 N. W. 896, the defendant, in his own car, took a member of the jury, during the progress of the trial, to a near-by village in order that the juror could obtain some moonshine or whisky for a claimed ailment. He was alone with the juror for about 20 minutes.

In Lynch v. Kleindolph, 204 Iowa, 762, 216 N. W. 2, 55 A. L. R. 745, upon which appellants largely rely, the defendant had charge of a county home. At the request of one of the jurors, defendant took him, while the case was being tried, alone in his car to the home. The juror looked around the place; defendant invited him to have dinner with the family, and after dinner brought him back to the court house. They were together an hour and a half.

In Akin v. Lake Superior C. I. Mines, 103 Minn. 204, 114 N. W. 654, 837, it appeared that the secretary of one of the successful defendants, a corporation, was a witness on its behalf on the trial of the action. On the second day of the trial, before testifying in the case, he went to the tailor shop owned by one of the jurors and placed an order for an overcoat, of the value of $40, which he did not need; he went to the shop on two different occasions but did not find the juror either time. The juror however knew of the order. Other circumstances showed the purpose of the acts complained of.

Whether or not there should be a new trial because of the misconduct of counsel, a juror, or litigant rests within the sound discretion of the trial court; and except where there is an abuse of discretion the trial court's determination will not be disturbed. Thoreson v. Quinn, 126 Minn. 48, 147 N. W. 716. We find no such abuse here.

With reference to the exercise of such discretion, it was said in Brown v. D. S. S. & A. Ry. Co. 147 Minn. 167, 171, 179 N. W. 1003, 1005, that the court had "the opportunity to observe the character of the jury and perhaps personally knew the mental makeup of individual members thereof. He is therefore in a much better position than this court to determine whether the misconduct referred to was likely to affect the verdict to plaintiff's prejudice."

On the general proposition involved see also: Woodbury v. City of Anoka, 52 Minn. 329, 54 N. W. 187; Schmidt v. Thompson, 140 Minn. 180, 167 N. W. 543; Nelson v. Kuhfeld, 158 Minn. 163, 197 N. W. 253; Honkomp v. Martin, 182 Minn. 404, 234 N. W. 638, and cases cited; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 7104, 7105.

Notwithstanding the oft expressed desire and purpose of protecting the sanctity of jury trials, we should not go unreasonable lengths in so doing. Under the situation presented in this case, considering the nature of the transgression, the knowledge thereof by appellants' counsel, the absence of any indication that plaintiffs were prejudiced, a proper discretion was exercised by the trial court. The granting of a new trial with the incidental incon-

venience and expense thereof, the depriving of respondents of what, for all that appears, was a just and proper verdict, would be unjustified.

Order affirmed.