OSCAR V. PARSONS v. TOWN OF NEW CANADA AND OTHERS.

COUNTY OF RAMSEY, RESPONDENT.[1]

January 3, 1941.

Nos. 32,561, 32,573.

[1]Reported in 295 N. W. 909.

*Humphrey Barton* and *A. E. Parsons,* for plaintiff-appellant.

*James F. Lynch,* County Attorney, and *Andrew R. Bratter,* Assistant County Attorney, for respondent County of Ramsey and appellant Town of New Canada.

GALLAGHER, CHIEF JUSTICE.

This case is a companion of Parsons v. Town of New Canada, 209 Minn. 129, 295 N. W. 907, wherein another property owner has sued the same defendants on a similar cause of action. The county of Ramsey and the town of New Canada and its officers separately demurred to the complaint on the ground that the allegations stated therein do not constitute a cause of action. Both demurrers were overruled. Defendants answered and plaintiff replied to each answer. Thereafter defendants separately moved for judgment on the pleadings. The trial court granted the motion of the county of Ramsey and denied the motion of the other defendants. Plaintiff appealed from an order denying his motion for a new trial against the county.

It is the contention of the plaintiff that the action of the trial court in overruling the county's demurrer to his complaint was in effect a binding adjudication that the complaint stated a cause of action. The law is, however, that even though the relief asked in the motion for judgment on the pleadings is predicated upon the same fault as was the demurrer, still an order overruling the demurrer is not *res judicata* barring the motion for judgment. 5 Dunnell, Minn. Dig. (2 ed. & 1934 Supp.) § 7562. In Disbrow

v. Creamery Package Mfg. Co. 110 Minn. 237, at pp. 243, 244, 125 N. W. 115, the court said:

"If the original complaint had been sustained, the defendant could still have claimed that it failed to state a cause of action, by a motion for judgment or objections to evidence upon the trial."

To the same effect is McCargo v. Jergens, 206 N. Y. 363, 99 N. E. 838. Analogous cases are Lamson v. Towle-Jamieson Inv. Co. 187 Minn. 368, 245 N. W. 627; McLaughlin v. City of Breckenridge, 122 Minn. 154, 141 N. W. 1134, 142 N. W. 134; Barrett v. Smith, 183 Minn. 431, 237 N. W. 15.

The reply sets forth the facts upon which the contract is based as occurring in the years 1921 and 1922. Nothing is pleaded to forestall the operation of the statute of limitations, and for the reasons set forth in the opinion filed herewith (No. 32,556), judgment on the pleadings for defendant county was properly granted, and the order appealed from is affirmed.

The appeal of the town and its officers from the order refusing to require plaintiff to file an amended complaint omitting the allegations applying to the county of Ramsey is an intermediate order and not appealable. 2 Mason Minn. St. 1927, § 9498. It is therefore dismissed.

