## BERNADETTE E. ST. GEORGE v. ROBERT K. LOLLIS.[1]

January 31, 1941.

No. 32,518.

*Abbott, MacPherran, Dancer, Gilbert, Doan & Zuger,* for appellant.

*William E. Tracy,* for respondent.

[1]Reported in 296 N. W. 523.

STONE, JUSTICE.

Appeal by defendant from an order granting a new trial for error of law after verdict against plaintiff in action for wrongful death.

In the outer portion of the city of Duluth on the east, London Road parallels closely the shore of Lake Superior. Following the local custom, we shall consider both road and lake shore as running in the east-west direction. Twenty-fifth avenue east, coming down from the north, joins at right angles and comes to an end at London Road. The adjacent area is platted but largely unoccupied. On the west side of the avenue as it approaches the intersection, there is no sidewalk and no pathway for pedestrian use. There is no evidence that curb or sidewalk lines have been established on the west side of the avenue. No crosswalk was indicated by marks on the four-lane pavement of London Road. The traveled road along Twenty-fifth avenue was graveled. The deceased, Mr. St. George, during the early morning of April 30, 1939, while walking southerly across London Road, on or near its intersection with Twenty-fifth avenue east, was struck by an automobile going west and driven by defendant. The result for Mr. St. George was fatal.

■ The order under review granted plaintiff a new trial solely upon the ground that it was prejudicial error to instruct the jury that the evidence "conclusively shows Mr. St. George was not upon or within a regular pedestrian crosswalk within the meaning of the law," and therefore did not have the right of way as against defendant.

Considering the premise of that instruction sound, that is, that there was no crosswalk on the west side of Twenty-fifth avenue over London Road, we hold that the instruction was correct and that the only error was in granting the motion for new trial.

Decision of the point depends upon construction and application of portions of the highway traffic regulation act. Under 3 Mason Minn. St. 1940 Supp. § 2720-203(a), pedestrians have the right of way "within any marked crosswalk or within any un-

marked crosswalk at an intersection." Under § 2720-204, pedestrians are required to yield the right of way to all vehicles upon the roadway, if crossing at any point other than within a crosswalk, marked or unmarked.

The next step is to determine whether there was a crosswalk on the west side of the avenue and over London Road. The statutory definition of crosswalk, 3 Mason Minn. St. 1940 Supp. § 2720-151(36), is this:

"(a) That portion of a roadway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections.

"(b) Any portion of a roadway distinctly indicated for pedestrian crossing by lines or other markings on the surface."

The definition of sidewalk in subd. (32) of the same section reads thus:

"That portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians."

The difficulty arises from the phrase "intended for the use of pedestrians." If it means the indefinite strip between roadway and property line which may at some future time come into use as a pathway or sidewalk, there was a statutory "crosswalk" on the west side of Twenty-fifth avenue over London Road. If, on the other hand, the phrase refers only to an area actually used by pedestrians at the time being, and defined and marked by such use, there was no such crosswalk.

The external lines of a "crosswalk" determine the area within which the pedestrian has, and without which the automobilist has, the statutory right of way. It is therefore impossible to consider that the legislative definition was intended to apply at an intersection where external lines of the crosswalk were not only unmarked on the ground, and otherwise undetermined, but also utterly incapable of ascertainment. It was not the intention of the legislative definition of "crosswalk" to establish one by fiction

where, in fact, no crosswalk was marked on the ground or located by either survey or actual pedestrian use. The contrary view would result in wider crosswalks in more or less vacant suburbs, without real sidewalks, than in the closer built and occupied residential sections of our cities. Certainly the statute intends no such absurdity.

So we hold correct the charge that deceased did not have the right of way in his attempt to cross London Road. There was no crosswalk on the west side of Twenty-fifth avenue to give him the right of way. There is no suggestion in argument or otherwise that deceased, when hit by defendant's automobile, was in the crosswalk, if any, on the east side of Twenty-fifth avenue. The evidence, as matter of law, would not sustain an inference to that effect.

■ The order under review appears to be the product, in part, of the opinion of the trial judge that, in addition to mischarging the jury concerning the crosswalk, he unduly emphasized that feature of the case. See Freeman v. Morris Const. Co. 179 Minn. 94, 228 N. W. 442; Roach v. Roth, 156 Minn. 107, 194 N. W. 322; Quinn-Shepherdson Co. v. U. S. F. & G. Co. 149 Minn. 261, 183 N. W. 347; Geddes v. Van Rhee, 126 Minn. 517, 148 N. W. 549. Here, again, we cannot find either error or the supposed resulting prejudice.

In addition to the statutory rules which properly eliminated the claim that the deceased had the statutory right of way, the jury were given 3 Mason Minn. St. 1940 Supp. § 2720-204(d), which reads thus:

"Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

That was followed by this:

"So that the law is that while as between a pedestrian and an automobile upon a highway at a place such as this  *  *  *  the automobile has the right of way, still the driver of the automobile must observe the requirements of this second section that I have just read to you. That is, the fact that the automobile has the right of way does not give the driver of the car the right to proceed regardless of everything else, but he must observe the care which the other section that I have just referred to requires of him."

We think that the point of undue emphasis was too much overstrained against the verdict. Heikkinen v. Cashen, 183 Minn. 146, 235 N. W. 879; Erickson v. Husemoller, 191 Minn. 177, 253 N. W. 361. The charge did not center "the jury's attention upon a mere detail, thereby giving it undue prominence, and thus obscuring the questions really involved." That was the serious error for which there was reversal in Geddes v. Van Rhee, 126 Minn. 517, 520, 148 N. W. 549.

The order under review must be reversed.

So ordered.