Middleton, J.
The only ground of reversal urged in this court is misconduct of the jury. The question submitted is stated by the defendant-appellant as follows :
“Does an offer to a juror of a thing of substantial value, in return for signing a verdict for plaintiff, such offer being made during the trial and to one of nine *140 jurors who thereafter signed a verdict for plaintiff, require the granting of a new trial?”
• This case is free of doubt as to whether a bribe was offered to the juror. On the basis of the conversation with Mrs. Kinnan, which is recited in her affidavit, George Bryan was indicted for the offense of attempt to bribe this particular juror. He pleaded guilty to the charge and was sentenced for commission of the crime.
The basic and underlying principle of the right of trial by jury is that such trial shall be heard and determined by a jury of persons completely unbiased and uninfluenced by extrinsic considerations. It is universal practice in American courts to surround juries with safeguards to insulate them from influence of every kind. Any extraneous contact with a jury or.any member thereof which would tend to influence the verdict in the slightest degree has been universally condemned. Any attempt to bribe a juror has long been recognized as a matter of most serious consequence. Jurors are usually admonished by the trial judge to report to the court any remarks addressed to them which appear to be designed to influence their decision. If a juror is approached and is addressed in such manner by anyone, it is the duty of the court, upon receiving a report from such juror, to consider the legal effect of such approach and take such action as, in the judgment of the court, is warranted.
The rule generally followed in Ohio was stated in Northern Ohio Traction Co. v. Mitchell, 21 C. C. (N. S.), 177, decided by the Circuit Court for Summit county in 1903, which decision was affirmed without opinion by this court in 74 Ohio St., 485, 78 N. E., 1133. In that case an anonymous letter was written to a juror in which the threat was made to reveal to the court that the juror had made a false statement as to his former employment when being examined as to his *141 qualifications to act as a juror. The letter was shown to the trial judge immediately upon its receipt, but the trial judge allowed the trial to continue to a conclusion and the existence of the letter was not known by counsel until after the verdict was rendered. A motion for new trial was overruled, and, holding such ruling to be error, the reviewing court reversed the judgment. The reviewing court’s conclusion was that it was immaterial whether it was shown that the letter influenced the verdict in point of fact; that the letter showed conclusively that it was intended to influence the juryman who received it; and that such effort was such a flagrant attempt to intimidate the juryman and influence his verdict that public policy required that the verdict be set aside and a new trial granted.
The stringent rule announced in the Mitchell case appears to have been somewhat relaxed in trial practice in Ohio in some instances, and a new trial has been denied unless there was reasonable doubt whether the verdict was in any way influenced by the illegal act or if the evidence was so overwhelmingly in favor of the prevailing party that a bribe could have had no effect. The great weight of authority, however, supports a rule as strict as that announced in the Mitchell case, whenever attempted bribery is involved and the incident is not reported at once to the trial judge.
The general rule is well stated in 39 American Jurisprudence, 120, Section 105, as follows:
“The fact that an attempt has been made to bribe or corrupt jurors, when discovered after verdict is returned, is always ground for a new trial without regard, it seems, as to whether the attempt to corrupt was successful and whether actual prejudice resulted from the misconduct.”
Numerous decisions of courts of last resort support the rule above stated, including the following: D. F. Jones Construction Co., Inc., v. Fooks, 199 Ark., 861, *142 136 S. W. (2d), 487, 126 A. L. R., 1255; State v. Bersch, 276 Mo., 397, 207 S. W., 809; West Chicago Street Rd. Co. v. Luka, 72 Ill. App., 60; Dallas Ry. & Terminal Co. v. Burns (Tex. Civ. App.), 60 S. W. (2d), 801; Akin v. Lake Superior Consolidated Iron Mines, 103 Minn., 204, 114 N. W., 654; Callahan v. Chicago, M. & St. P. Ry. Co., 158 F., 988; Oliver v. State, 232 Ala., 5, 166 So., 615. See, also, 126 A. L. R., 1260.
In the instant case the offering of a bribe is unquestionable and the incident was not promptly reported to the trial judge.
Some courts are inclined to hold that attempted bribery of a juror does not require the granting óf a new trial in the absence of a showing of actual influence upon the juror, unless the bribe is offered by a party to the litigation or by one acting in behalf of such party. Such rule is indicated in the following statement which appears in 66 Corpus Juris Secundum, 173:
“Where a prevailing party attempts to corrupt or improperly influence the action of any of the jurors in a case, a new trial should, as a matter of sound public policy, be granted, without reference to the question whether or not the attempt was successful, and even though the court reproved the party and the jurors.”
In the instant ease there is no suggestion that the plaintiff’s attorney of record knew of the attempted bribery or was in any way responsible for it, but there are circumstances which cast definite suspicion upon the plaintiff and which are worthy of consideration. Some time prior to the trial of this case, G-eorge Bryan was found guilty of attempted bribery of two witnesses in connection with the trial of one Thomas A. Joseph, an attorney. Bryan was then acting in behalf of Joseph. Peart, the plaintiff herein, was taken to the hospital immediately after the incident which gave rise to this cause. Joseph promptly appeared at *143 the hospital in behalf of Peart and saw Peart in the hospital three or four times. Joseph was present in the truck-stop restaurant when Bryan offered the bribe to Mrs. Kinnan. In view of these facts we can not agree with the Court of Appeals and plaintiff’s counsel who characterize Bryan merely as a “meddlesome stranger” or “meddlesome outsider.”
We must also reject the argument that a new trial should be denied in this instance on the ground that Airs. Kinnan denied having been influenced by the offer of the bribe or that it should be denied because the evidence was so overwhelmingly in favor of the plaintiff that a bribe could have had no effect.
If a bribe has been offered it is impossible to determine at a later time whether the verdict was influenced thereby. It is impossible to analyze the mental processes of the juror just as it is impossible to determine the effect upon a juror of an erroneous charge by the court. It is universally held that an erroneous charge, if prejudicial, requires the granting of a new trial, even though it is impossible to determine what effect such charge had upon any one of the jurors.
This juror, Mrs. Kinnan, was involved in litigation concerning her home which was obviously of great importance to her. She was disturbed by the offer made by Bryan. She did not report the incident to the trial court until a considerable time after the trial had been completed. The testimony offered by the litigants was in serious conflict; the credibility of the plaintiff was attacked so vigorously as to cast great doubt upon his' testimony; a substantial verdict was rendered in favor of that plaintiff; it could not have been rendered without a favorable vote of this juror; and the necessary nine votes in favor of the plaintiff were accumulated only at midnight after the jury had been in continuous session for seven hours. It is manifest, therefore, that this qualifies as a doubtful case, if it were necessary *144 to determine the “doubtful” character of the evidence or of the verdict. We do not base our decision on that ground.
We hold, on the broader ground that where, as here, a juror is offered a bribe by anyone and fails to report such incident to the trial judge until sometime after the verdict is rendered and the jury is discharged, a motion for new trial must be granted.
The judgment of the Court of Appeals is reversed and the cause is remanded for new trial.

Judgment reversed.

Weygandt, C. J., Taft, Matthias, Hart, Zimmerman and Stewart, JJ., concur.