URCEL MUGGENBURG, BY PAUL MUGGENBURG, HER FATHER AND NATURAL GUARDIAN, v. MYRON F. LEIGHTON AND OTHERS.
SHIRLEY MUGGENBURG v. SAME.
MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILROAD COMPANY AND ANOTHER, APPELLANTS.[1]

July 16, 1953.

Nos. 35,956, 35,957.

---

[1]Reported in 60 N. W. (2d) 9.

*W. J. Quinn, Fordyce W. Crouch,* and *Philip Stringer,* for appellants.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *E. J. Leathers,* for respondent Myron F. Leighton.

LORING, CHIEF JUSTICE.

This appeal involves two actions for personal injuries suffered in a train-automobile collision, which plaintiffs, passengers in the automobile, allege resulted from the negligence of the driver of the automobile and the two defendant railroads. The actions were consolidated for trial and for purposes of this appeal. The jury

was instructed to regard the defendant railroads as a single entity. Verdicts were returned against the railroads but in favor of the automobile driver, Leighton. The railroads moved for judgment in their favor, notwithstanding the verdict; or, in the event such motion was denied, for judgment against Leighton notwithstanding the verdict; or, in the event judgment in their favor was denied, for a new trial on all issues. This motion was denied, and defendant railroads appeal from such denial.

Subsequently, the railroads and both plaintiffs entered into a stipulation for settlement for a sum less than the verdicts, in consideration for which any issues as between them on this appeal were deemed settled, and the railroads were released from all liability. The stipulation provided that such settlement should affect in no way the issues as between the railroads and Leighton and that plaintiffs would remain nominal plaintiffs for purposes of allowing the railroads to proceed against Leighton. In view of the settlement, there is no assignment of error relating to the denial of that part of the motion requesting judgment in favor of the railroad since that matter is obviously rendered moot. The only errors assigned relate to the denial of judgment against Leighton notwithstanding the verdict and the denial of the motion for a new trial.

Defendant Leighton moved for dismissal of this appeal on several grounds. This motion was denied in Muggenburg v. Leighton, 239 Minn. 565, 57 N. W. (2d) 658, but without prejudice and with leave to renew the motion when the case was heard on the merits. The motion was renewed at that time.

■ An unsuccessful defendant in such a case as presented here may challenge a verdict or ruling in favor of a codefendant even though there is no cross claim between them because a judgment rendered on such a verdict or ruling conclusively and finally determines that such codefendant is not liable to plaintiff thus precluding the unsuccessful defendant from ever recovering contribution from such codefendant. Bocchi v. Karnstedt, 238 Minn. 257, 56 N. W. (2d) 628; see, American Auto. Ins. Co. v. Molling,

239 Minn. 74, 57 N. W. (2d) 847, which reaffirms the view of American Motorists Ins. Co. v. Vigen, 213 Minn. 120, 5 N. W. (2d) 397, 142 A. L. R. 722.[2] Thus, the railroads clearly had a right to challenge the verdict in favor of Leighton in the trial court and, furthermore, are entitled to a review in this court if the matter is properly brought before us.

■ The appealability of that part of the order denying the motion for judgment against the codefendant appears to be a question of first impression. The jurisdiction of this court on appeal is limited by statute. M. S. A. 605.01; In re Guardianship of Hudson, 220 Minn. 493, 20 N. W. (2d) 330; Bulau v. Bulau, 208 Minn. 529, 294 N. W. 845; Seeling v. Deposit Bank & Trust Co. 176 Minn. 11, 222 N. W. 295. Generally, there is no provision for appeal from interlocutory orders and orders which do not involve the merits or are not finally determinative of the action. See, Parsons v. Town of New Canada, 209 Minn. 132, 295 N. W. 909; In re Trust Created by Will of Enger, 225 Minn. 229, 30 N. W. (2d) 694, 1 A. L. R. (2d) 1048; In re Condemnation of Lands Owned by Luhrs, 220 Minn. 129, 19 N. W. (2d) 77. Thus, an order denying a motion for judgment in favor of the moving party is not considered appealable. Oelschlegal v. C. G. W. Ry. Co. 71 Minn. 50, 73 N. W. 631; 3 Dunnell, Dig. & Supp. § 5084. It would follow, therefore, that an order denying a motion for judgment against a codefendant is likewise nonappealable since, similarly, such an order looks to the entry of judgment to effectuate it. See, Shema v. Thorpe Bros. 238 Minn. 470, 57 N. W. (2d) 157.

Nor does the fact that the motion for judgment against Leighton is joined with a motion for a new trial render it appealable. A nonappealable order is not rendered appealable by virtue of the fact that it is joined with an appealable order. 1 Dunnell, Dig. (3 ed.) § 296a. An order denying an alternative motion for judgment

---

[2]Even in the absence of the Vigen rule, it would seem that a defendant would be prejudiced by an erroneous verdict in favor of a codefendant since it would preclude him from the summary method of recovering contribution as provided by M. S. A. 548.19. See, Akin v. Lake Superior Consol. Iron Mines, 103 Minn. 204, 114 N. W. 654, 837.

notwithstanding the verdict or for a new trial is rendered appealable by M. S. A. 605.06. See, 3 Dunnell, Dig. & Supp. § 5086. But, clearly, this section refers to a motion for judgment in favor of *the moving party*. An alternative motion for judgment against a codefendant, notwithstanding a verdict in his favor, or for a new trial is not authorized by this or any other section. Where part of an order appealed from is appealable and part is not, only that part which is appealable is presented for review. Storey v. Weinberg, 226 Minn. 48, 31 N. W. (2d) 912.

■ Thus, the only matter presented for review is that part of the order denying the railroads' motion for a new trial on all issues. The reversal of an order denying a new trial leaves the case in the status it occupied before the first trial. Quinn-Shepherdson Co. v. U. S. F. & G. Co. 149 Minn. 261, 183 N. W. 347; Banks v. Pennsylvania R. Co. 111 Minn. 48, 126 N. W. 410. Such new trial in this case would be the same as that presented and contemplated by the original pleadings; *i. e.*, an action by this plaintiff against both defendants without any cross-claim existing between the defendants. In the absence of the settlement, we can see no reason why this court could not remand the matter for a new trial between the plaintiff and both defendants or solely between the plaintiff and Leighton. However, the settlement and release not only prevent plaintiffs from bringing any action against the railroad but equally bar any action by plaintiffs against defendant Leighton. 5 Dunnell, Dig. & Supp. § 8373. Thus, in view of this settlement, no new trial as contemplated by the pleadings could be maintained and, therefore, the appeal from that part of the order denying a new trial is rendered moot. This court cannot review an order which is rendered moot by subsequent events. Mid-West Wine Co. Inc. v. Ericson, 227 Minn. 24, 34 N. W. (2d) 738; Ridgway v. Mirkovich, 192 Minn. 618, 256 N. W. 521.[3]

---

[3]Thus, even if the alternative motion for judgment against a defendant notwithstanding a verdict or a new trial was considered appealable by M. S. A. 605.06, that part of the motion asking for a new trial is now moot and the balance, as previously discussed, is nonappealable.

■■■■■■■■■■■■■■■ .

This does not mean that the railroads cannot *now* have the review of the verdict in favor of Leighton. If the railroads choose to take appeal from the judgment, for instance, we could review the verdict in favor of Leighton and could order judgment against Leighton thus conclusively establishing Leighton's liability to plaintiff, and the railroads could then proceed against him for contribution by means of the summary method provided by M. S. A. 548.19; or, if we did not feel that the evidence warranted such disposition but felt there was prejudicial error in the trial affecting the issue of Leighton's liability, we could, if proper foundation was laid below, order the lower court to vacate the judgment in its entirety, which would allow the railroads to proceed against Leighton in an original action, after settlement, for contribution and to establish for the first time the liability of Leighton to plaintiff. See, D. M. & N. Ry. Co. v. McCarthy, 183 Minn. 414, 236 N. W. 766; Employers Mut. Cas. Co. v. C. St. P. M. & O. Ry. Co. 235 Minn. 304, 50 N. W. (2d) 689.

Appeal dismissed.

