Randall & Eliason and Jim Randall, Hibbing, for appellants.

**Elaine WARPULA, et al., Appellants,**

v.

**Jonathan Allen MAYNARD, et al., Respondents,**

**Gene R. Hill, Respondent.**

**No. 48554.**

Supreme Court of Minnesota.

April 27, 1979.

Mathias & Brown, Robert E. Mathias and Mark Knutson, Duluth, for Maynard et al.

Robert F. Berger, Virginia, for Hill.

Heard by SHERAN, C. J., and KELLY and YETKA, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This is an appeal by the Warpulas from the denial of their motion for a new trial following a jury verdict against them in their personal injury action against Jonathan Maynard and Gene R. Hill. The Warpulas claim the trial court erred in instructing the jury there was no crosswalk at the intersection where Elaine Warpula was struck by the Maynard vehicle. We affirm.

On the evening of April 19, 1975, Elaine Warpula and her husband attended a dance at the firehall in Forbes, Minnesota, with another couple. The firehall is near the southwest corner of the intersection of County Highway # 7, running north-south, and County Highway # 16, running east-west. They were directed to park on the south side of Highway # 16 east of the intersection, and walked across Highway # 7 to the firehall. After 10 or 15 minutes, the two men returned to the car. The women followed shortly. On this return trip, Elaine Warpula was struck by the Maynard vehicle travelling north on Highway # 7. The Hill vehicle was travelling south on Highway # 7 and was not involved in the impact, but the Warpulas and Maynard claimed Hill's bright headlights

played a causal role. The jury assigned negligence as follows: Jonathan Maynard 30%; Gene Hill 0%; Elaine Warpula 70%.

The question for decision is whether or not there was a statutory sidewalk along the south side of Highway # 16. The parties agree there was no marked crosswalk, but according to Minn.St. 169.01, subd. 37 [1] a crosswalk also may be defined by the extension across an intersection of the lateral lines of a sidewalk. Since no sidewalk had actually been constructed along Highway # 16, the existence of a sidewalk depends upon its statutory definition:

> "Subd. 33. Sidewalk. 'Sidewalk' means that portion of a street between the curb lines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians." Minn.St. 169.01, subd. 33.

The phrase "intended for the use of pedestrians" could obviously be subject to diverse interpretations, but for the purposes of this case the matter has been settled by *St. George v. Lollis*, 209 Minn. 322, 296 N.W. 523 (1941). The issue there was identical—whether the mere existence of an indefinite strip alongside the road where an improved sidewalk could be built was enough to satisfy the statutory definition, or whether more was required. The court was of the latter opinion, stating that to constitute a sidewalk, the area must actually be used by pedestrians, and, furthermore, must be "defined and marked by such use." In other words, a sidewalk implies at least visible pathway. In the instant case, while there is no doubt the south side of Highway # 16 was actually used by pedestrians walking from their parked cars to dances at the firehall, there is no evidence that this use resulted in a visible pathway. The instruction was correct.

Affirmed.

1. Minn.St. 169.01, subd. 37 defines crosswalk as:
> "Subd. 37. Crosswalk. 'Crosswalk' means (1) that portion of a roadway ordinarily included with the prolongation or connection of the lateral lines of sidewalks at intersections; (2) any portion of a roadway distinctly indicated for pedestrian crossing by lines or other markings on the surface."